WEIMER, Justice.
 

 liThe issue to be resolved is whether it is sufficient to serve only the attorney general or whether it is necessary to also serve other entities/individuals when a tort action is brought against the Department of Transportation and Development. Specifically, this matter is before the court for a determination of whether the plaintiff’s request for service and citation within 90 days from the commencement of this tort suit on only the attorney general satisfied the requirements of LSA-R.S. 13:5107 and LSA-R.S. 39:1538. For reasons that follow, we find that the service of citation on only the attorney general was sufficient for purposes of LSA-R.S. 13:5107, and the plaintiff should be allowed to effectuate service pursuant to LSA-R.S. 39:1538. Consequently, we find the trial court’s judgment that denied the state |2agency’s motion to dismiss was correct, and the court of appeal erred in dismissing the plaintiffs suit. We reverse the portion of the court of appeal’s decision that granted the state agency’s motion for involuntary dismissal pursuant to LSA-C.C.P. art. 1672(C). Although the appellate court correctly sustained the state agency’s exception of insufficiency of service of process, it erred in failing to allow the plaintiff an opportunity to cure that objection. That portion of the appellate court decision is amended to give the plaintiff an opportunity to serve those required by LSA-R.S. 39:1538(4) to be served.
 

 DISCUSSION
 

 On February 3, 2010, the plaintiff, Shawn Burnett, fax-filed suit against several defendants, including the State of Louisiana, through the Department of Transportation and Development (DOTD), seeking to recover damages arising from an automobile accident. In his petition, Burnett requested service on DOTD through the attorney general.
 

 On May 13, 2010, DOTD filed a motion for involuntary dismissal and an exception of insufficiency of service of process based on the fact that Burnett had not also requested service on the secretary of DOTD,
 
 [2]
 
 citing LSA-R.S. 13:5107(A).
 
 [3]
 
 
 *484
 
 RBased on Burnett’s lack of service on DOTD’s secretary, DOTD argued Burnett failed to request proper service within 90 days of the filing of his suit pursuant to LSA-R.S. 13:5107(D)(1), entitling DOTD to the dismissal of Burnett’s claims under LSA-R.S. 13:5107(D)(2).
 
 [4]
 
 Burnett opposed DOTD’s motion and exception, urging DOTD’s motion for dismissal was based on its mistaken assumption that when litigation involves state agencies LSA-R.S. 13:5107(A) requires double service,
 
 i.e.,
 
 service on the agency head and the attorney general.
 

 After a hearing, the trial court denied DOTD’s motion to dismiss and overruled its exception of insufficiency of service of process, stating that “it would be absurd that you would have to serve two people with the State of Louisiana.” DOTD’s application for supervisory writs from that judgment was granted by the appellate court, and the trial court’s judgment was reversed. In support of its reversal, the appellate court, in pertinent part, stated:
 

 The jurisprudence is consistent that LSA-R.S. 13:5107 clearly mandates that service of citation on a state agency must be made upon the attorney 14 general and on the “agency head” for the department against whom the action is filed.
 
 Barnett v. Louisiana State University Medical Center-Shreveport,
 
 02-2576, (La. 2/7/03), 841 So.2d 725;
 
 Thomas v. Louisiana Department of Public Safety and Corrections,
 
 02-0897, at p. 5 (La.App. 1st Cir. 3/28/03), 848 So.2d 635, 638. Moreover, it is equally well-established that mere confusion over a party’s proper service information is not a sufficient basis for failure to abide by the service and citation mandates of the statute.
 
 Johnson v. University Medical Center of Lafayette,
 
 07-1683 (La. 11/21/07), 968 So.2d 724;
 
 Thomas, supra; see also, Taylor v. LSU Medical Center,
 
 38-944 (La.App. 2nd
 
 *485
 
 Cir. 10/14/04), 892 So.2d 581;
 
 Lockett v. Reese,
 
 04-0328 (La.App. 4th Cir. 4/28/04), 874 So.2d 913;
 
 Johnson v. Regional Transit Authority,
 
 00-2647 (La.App. 4th Cir. 4/18/01), 785 So.2d 1015.
 

 Accordingly, the appellate court sustained DOTD’s exception and granted its motion to dismiss Burnett’s claims against the DOTD.
 
 Burnett v. James Construction Group,
 
 10-1275 (La.App. 1st Cir. 10/27/10) (unpublished writ action).
 

 We granted Burnett’s application for a supervisory writ in which Burnett contended that the appellate court misinterpreted LSA-R.S. 13:5107(A) to require a double request for service of citation in suits against the state and its agencies.
 
 Burnett v. James Construction Group,
 
 10-2608 (La. 2/11/11), 56 So.3d 991. For the reasons this day assigned in
 
 Whitley v. State, Board of Supervisors of Louisiana State University Agricultural Mechanical College, on behalf of the Medical Center of Louisiana at New Orleans-University Campus,
 
 11-0040 (La. 7/1/11), 66 So.3d 470, we agree with Burnett. A double request for service is not necessary. Clearly, Burnett’s request for service on the attorney general alone satisfied the service requirements of LSA-R.S. 13:5107(A).
 

 Having rejected DOTD’s argument based on LSA-R.S. 13:5107(A) and (D), we consider DOTD’s assertion that Burnett’s failure to serve DOTD’s secretary requires dismissal based on LSA-R.S. 39:1538(4),
 
 [5]
 
 which requires service of process Ron the head of the department, the office of risk management, and the attorney general. Since LSA-R.S. 39:1538 neither imposes a time constraint on the service required by LSA-R.S. 39:1538(4) nor provides for dismissal for the failure to effectuate service, Burnett’s failure to request service on the department head and the office of risk management within 90 days of commencement of his action does not entitle DOTD to the dismissal of his claims against it pursuant to LSA-C.C.P. art. 1672(C).
 
 Whitley,
 
 11-0040, pp. 16-18, 66 So.3d at 480-82.
 

 For the reasons assigned in
 
 Whitley,
 
 11-0040, p. 18, 66 So.3d at 481-82, we find the appellate court properly sustained DOTD’s declinatory exception of insufficiency of service of process due to Burnett’s failure to effect service on DOTD’s secretary and the office of risk management. However, since the grounds for the objection, that is, incomplete service, can be cured by Burnett requesting and obtaining service of process on DOTD’s secretary and the office of risk management,
 
 [6]
 
 the appellate court erred in failing to allow him an opportunity to do so as required by LSA-C.C.P. art. 932(A).
 

 DECREE
 

 Accordingly, that portion of the court of appeal’s decision that granted DOTD’s motion for involuntary dismissal is reversed. That portion of the appellate court decision sustaining DOTD’s exception of insufficiency of service of process is affirmed but amended so as to allow Burnett a reasonable period of time, to be set by 16the trial court on remand of this matter, in which to cure the defect in service. This case is
 
 *486
 
 remanded to the trial court for further proceedings.
 

 REVERSED IN PART; AFFIRMED IN PART, AS AMENDED; AND REMANDED.
 

 [2]
 

 .
 
 See
 
 LSA-R.S. 48:12, which provides that "[s]ervice of citation and other process directed to the department shall be made by handing the citation or other process to the secretary or to the undersecretary.”
 

 [3]
 

 . LSA-R.S. 13:5107(A) provides:
 

 In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any
 
 *484
 
 employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against. [Emphasis added.]
 

 [4]
 

 . Prior to its 2010 amendment by La. Acts No. 55, § 1, LSA-R.S. 13:5107(D) provided, in pertinent part:
 

 (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 After its 2010 amendment, Subsection (D)(2) provided:
 

 If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
 

 [5]
 

 . LSA-R.S. 39:1538(4) provides:
 

 In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107. However, there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.
 

 [6]
 

 .
 
 Whitley,
 
 11-0040, p. 18, 66 So.3d at 481-82.