# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-1072


NORMA MARCELL

VERSUS

TOYOTA MOTOR NORTH AMERICA, INC., ET AL.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 116,488
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED WITH INSTRUCTIONS.**

**David M. Thorguson**
**Lippman, Mahfouz, Tranchina & Thorguson, L.L.C.**
**Post Office Box 2526**
**Morgan City, Louisiana 70381-2526**
**(985) 384-1833**
**Counsel for Plaintiff/Appellant:**
        **Norma Marcell**

**Julius W. Grubbs, Jr.**
**Haik, Minvielle & Grubbs, LLP**
**1017 East Dale Street**
**New Iberia, Louisiana 70562**
**(337) 365-5486**
**Counsel for Plaintiff/Appellee:**
      **State of Louisiana, through the Department of**
      **Transportation and Development**

**Mark N. Bodin**
**McGlinchey Stafford, PLLC**
**643 Magazine Street**
**New Orleans, Louisiana 70130**
**(504) 586-1200**
**Counsel for Defendants:**
      **Toyota North America, Inc.**
      **Toyota Motor Sales USA, Inc.**

**KEATY, Judge.**

Plaintiff appeals from a judgment granting an exception of insufficiency of citation and service of process filed by Defendant, State of Louisiana, through the Department of Transportation and Development (the DOTD). For the following reasons, we affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On April 17, 2009, Timothy Hill was ejected from his 2008 Toyota Tundra pick-up truck in a single-car accident on a temporary road near a construction zone on Highway 90 near its intersection with Highway 675 in Iberia Parish. He was severely injured and later died from his injuries. Plaintiff, Norma Marcel, is Hill's mother. She filed a wrongful death and survival action on April 16, 2010, naming as defendants Toyota Motor North American, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Sales U.S.A., Inc. (collectively referred to as "Toyota"), and the DOTD.[1]

The DOTD filed a declinatory exception of insufficiency of citation and service of process[2] asserting that citation and service had not been effectuated in accordance with La.R.S. 13:5107(A) & (D)[3] and La.R.S. 39:1538.[4] After a hearing,

_____

[1] Plaintiff also asserted claims against Toyota under the Louisiana Products Liability Act.

[2] The DOTD also filed a motion for involuntary dismissal and a peremptory exception of prescription which the trial court did not rule upon and which are not at issue in this appeal.

[3] Prior to its amendment by 2010 La. Acts No. 55, § 1, Louisiana Revised Statutes 13:5107 provided, in pertinent part:

> A. In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

the trial court took the matter under advisement. By judgment dated January 3, 2011, the trial court granted the exception and dismissed Plaintiff's suit against the DOTD without prejudice. Plaintiff now appeals, alleging that the trial court erred in sustaining the exception and dismissing her suit against the DOTD.

## DISCUSSION

In the interval between the taking of this appeal and the time when the parties' appellate briefs were due in this court, the Louisiana Supreme Court decided the companion cases of *Burnett v. James Construction Group*, 10-2608

---

. . . .

       D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

       (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.

       (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

After the 2010 amendment, Subsection (D)(2) provided:

       If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

[4] Louisiana Revised Statutes 39:1538 provides, in pertinent part:

       (4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

(La. 7/1/11), 66 So.3d 482 and *Whitley v. State, Board of Supervisors of Louisiana State University Agricultural Mechanical College,* 11-40 (La. 7/1/11), 66 So.3d 470.

In *Whitley*, the supreme court held, as a matter of first impression, that a medical malpractice plaintiff's request for service of citation on the university head, for the alleged negligent medical care rendered to her and her unborn child at the university hospital, without also requesting service on the attorney general or the office of risk management satisfied the statutory service requirements of La.R.S. 13:5107 due to "the legislature's use of the permissive word 'may.'" *Whitley*, 66 So.3d at 481. It then observed that:

> [A]lthough a plaintiff must serve multiple entities/persons under LSA-R.S. 39:1538(4), which applies to tort actions against the state and its agencies, that statutory provision does not require that the plaintiff make service (or request that service be made) within a certain time period or provide for dismissal. Therefore, an objection of insufficiency of service based on LSA-R.S. 39:1538(4) can be cured by subsequent service on those entities/persons not previously served.

*Id.* at 482-83.

*Burnett* was factually similar to the instant case in that it arose from an automobile accident and the plaintiff therein, like Plaintiff in the instant matter, timely requested and obtained service on the attorney general, but not on the head of the DOTD nor on the office of risk management. The following is an excerpt from *Burnett*, 66 So.3d at 483:

> The issue to be resolved is whether it is sufficient to serve only the attorney general or whether it is necessary to also serve other entities/individuals when a tort action is brought against the Department of Transportation and Development. Specifically, this matter is before the court for a determination of whether the plaintiff's request for service and citation within 90 days from the commencement of this tort suit on only the attorney general satisfied the requirements of LSA-R.S. 13:5107 and LSA-R.S. 39:1538.

For the reasons assigned in *Whitley*, 66 So.3d 470, the supreme court held that "[a] double request for service is not necessary [under La.R.S. 13:5107]" and that "[c]learly, Burnett's request for service on the attorney general alone satisfied the service requirements" of the statute. *Id.* at 485. Next, the supreme court considered whether Burnett's claims should nonetheless be dismissed for her failure to comply with La.R.S. 39:1538(4). Because that statute does not impose a time constraint on the service required nor does it provide for dismissal for the failure to effectuate such service, the supreme court ruled that Burnett's failure to request service on the DOTD's secretary and the office of risk management within ninety days from the filing of his suit did not give the DOTD the right to have her claims against it dismissed. Thus, the supreme court found that while the appellate court was correct in sustaining the DOTD's exception of insufficiency of service, it erred in not allowing Burnett time to cure the service defects.

Relying on this recent jurisprudence, Plaintiff herein avers that this court should reverse the judgment sustaining the DOTD's exception and dismissing her claims against it. In contrast, the DOTD acknowledges the holdings of *Burnett* and *Whitley* but claims that this court should affirm that portion of the judgment sustaining its exception, reverse that portion of the judgment dismissing Plaintiff's claims against it, and remand this matter with instructions that the trial court set a reasonable time within which Plaintiff may cure the defect in service.

We are unable to discern any meaningful distinction between the pertinent facts present in *Burnett* and in the instant case; therefore, we find its holding dispositive of the issues before us today. Accordingly, we conclude that the trial court properly sustained the DOTD's exception of insufficiency of citation and service of process for Plaintiff's failure to effectuate service of the head of the DOTD and the office of risk management. Nevertheless, because Plaintiff can

4

cure this defective service by requesting and obtaining service on those entities, the trial court erred in dismissing her claims without allowing her time to do so.

**DECREE**

For the foregoing reasons, we affirm that portion of the judgment sustaining the DOTD's exception of insufficiency of citation and service of process, reverse that portion of the judgment dismissing Plaintiff's claims against the DOTD, and remand for further proceedings with instructions that the trial court set a reasonable time within which Plaintiff may cure the defects in service. All costs of this appeal are to be shared equally amongst the parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**