BROWN, Chief Judge.
hThe critical issue to be resolved in this concursus proceeding against a state agency is whether it was sufficient to serve only the attorney general or whether it was necessary to also serve the head of the state agency. For reasons that follow, we find that the service of citation on only the attorney general was sufficient for purposes of La. R.S. 13:5107. Consequently, we find that the trial court’s judgment that denied the state agency’s exception of insufficiency of service of process was correct.
We further find that the evidence presented to the trial court clearly supports the conclusion that Frances M. Pesnell was the sole owner of the certificate of deposit held by Sabine Bank.

Facts and Procedural Background

The facts giving rise to this case are not in dispute. The State of Texas requested that the State of Louisiana intercept assets belonging to Billy McElduff, Jr. (“McEl-duff’), to satisfy delinquent child support payments. The amount of arrears owed was $26,983.37. The Sabine State Bank and Trust Company (“Sabine Bank”) received from the Louisiana Department of Children and Family Services, Support Enforcement Services (“DCFS-CSE”) a Notice to Freeze the assets of McElduff. Sabine Bank had a certificate of deposit in the amount of $75,484.74 in the names of Frances M. Pesnell, Tracy N. McElduff, Susan K. Barmore and Billy McElduff, Jr., all residents of Lincoln Parish.
Sabine Bank filed a petition for concur-sus in the Third Judicial District Court in Lincoln Parish, Louisiana, naming as defendants the four parties listed on the certificate of deposit and the DCFS-CSE.
| i>Sabine Bank’s petition was filed on October 19, 2011. The DCFS-CSE was served through the Louisiana Secretary of *1285 State and the Office of the Louisiana Attorney General on November 15, 2011. On January 20, 2012, Ms. Pesnell filed a motion and order to limit the time in which DCFS-CSE had to file an answer pursuant to La. C.C.P. art 4657.[1] An order was signed on January 23, 2012, which granted DCFS-CSE ten days from date of service of the motion to file an answer. Service of the motion and order was made upon DCFS-CSE through the secretary of state on February 1, 2012, and the attorney general on February 2, 2012.
On March 1, 2012, DCFS-CSE filed a motion requesting an extension of time to file an answer. The court granted an extension until March 22, 2012. DCFS-CSE then filed an exception of insufficiency of service of process on March 12, 2012 (fax filed on March 8, 2012). Also, on this date, Ms. Pesnell filed a motion to vacate DCFS-CSE’s motion for extension of time to answer. Both parties were required to brief the motion and exception at a hearing held on March 12, 2012. On April 9, 2012, the court issued a ruling denying DCFS-CSE’s exception and vacating the motion for extension of time. Even so, DCFS-CSE filed an answer in this proceeding |Hon April 19, 2012. Ms. Pesnell filed a motion to vacate and expunge DCFS-CSE’s answer which was granted on May 17, 2012.
A hearing was held on July 9, 2012. DCFS-CSE waived its appearance at the hearing by letter from its counsel. Ms. Pesnell, Barmore and Lunsford, all of whom were listed as holders on the certificate of deposit, testified. Barmore and Lunsford testified that they were listed for administrative purposes and had no authority to claim the money. Lunsford testified that Billy McElduff, Jr., Ms. Pes-nell’s son who was in prison at this time, verbally admitted having no claim to the money. Ms. Pesnell testified that the certificate of deposit with Sabine Bank was purchased entirely with a royalty check made payable to her that she had received from her deceased husband’s estate. She further testified that she was the beneficiary of all interest income from the certificate of deposit and the income was reported on her tax return. Ms. Pesnell’s address was the only one listed on the certificate of deposit.
Judgment was rendered finding that the CD was the sole property of Ms. Pesnell and ordering Sabine Bank to cancel the notice to freeze, intercept, and/or encumber assets. DCFS-CSE was ordered to pay all costs of the proceeding totaling approximately $2,338.40. The court further ruled that Ms. Pesnell was to have full and uncontrolled discretion to access the funds from in the certificate of deposit. Following the judgment, Ms. Pesnell withdrew all funds from the certificate of deposit.
DCFS-CSE filed a motion for suspen-sive appeal.[2]
*1286 | ^Discussion
This court must determine whether the trial court erred in finding that Sabine Bank perfected proper service of process by serving the original petition and order to DCFS-CSE to answer on the áttorney general. La. R.S. 13:5107(A)(1), provides:
In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana ... and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against. (Emphasis added).
The Louisiana State Supreme Court has interpreted La. R.S. 13:5107(A)(l)in two recent decisions. In Whitley v. State Bd. of Supervisors of Louisiana State University Agricultural and Mechanical College, 11-0040 (La.07/01/11), 66 So.3d 470, a medical malpractice suit against Louisiana’s Medical Center (“University”) in New Orleans where service was made solely on the Chairman of the LSU Board of Supervisors, the supreme court wrote:
The use of the word “may” followed by the use of the words “or” and “and” in numerous instances throughout the statute makes this provision convoluted and confusing ...
Key to our interpretation of this statutory provision is the fact that LSA-R.S. 13:5107(A) contains a single verb phrase, that is, “may be obtained,” which modifies all of the phrases that follow it, including | F,those that appear after the conjunctive “and” in question. Therefore, from a grammatical standpoint, citation and service:
1. may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
2. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
3. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
Providing permission to request service on the AG and the head of the agency does not impose a requirement that the plaintiffs request for service pertain to both. The fact that these phrases are joined by a conjunctive “and” does not make the phrases mandatory. If the legislature had intended to require a request for service on multiple individuals, it could have done so by use of mandatory language such as “shall” or “must.”
Therefore, Whitley’s request for service of citation on the University satisfied the requirements of La. R.S. 13:5107(A) and *1287 afforded the University an opportunity to request the legal representation to which it was entitled.
Whitley, 66 So.3d at 477.
In Burnett v. James Const. Group, 10-2608 (La.07/01/11), 66 So.3d 482, the plaintiff brought a negligence action against the State through the Department of Transportation and Development (“DOTD”) and other defendants seeking to recover damages arising from an automobile accident. Plaintiff requested service on the DOTD through the attorney general. The court addressed the issue of whether plaintiffs request for service and citation upon the attorney general alone within 90 days from the | ficommencement of the action satisfied the service requirements of La. R.S. 13:5107 and La. R.S. 39:1538. The Louisiana Supreme Court held that a double request for service of citation in suits against the state and its agencies is not necessary and service on the attorney general alone satisfied the service requirements of R.S. 13:5107(A) and La. R.S. 39:1538. Failure to request service on the department head and Office of Risk Management within 90 days did not entitle DOTD to a dismissal of the claim; therefore, the trial court erred in failing to allow service as required by La. C.C. art. 932(A). Burnett, supra.
In any action in which the state or a state agency, entity, or employee is sued, service of the citation must be made within the 90-day period upon either the head of the agency sued or the state attorney general. La. R.S. 13:5107. In tort actions, however, the head of the agency, the attorney general and the Office of Risk Management (ORM) shall be served. La. R.S. 39:1538. The case sub judice is not a tort action.
Based upon the Louisiana Supreme Court’s recent interpretation of La. R.S. 13:5107, the trial court correctly ruled that Sabine Bank effected proper service when it served the concursus petition on DCFS-CSE through the attorney general. It was unnecessary for Sabine Bank to request additional service upon the head of the state agency.
The next issue this court must address is whether the trial court erred in its decision not to allow DCFS-CSE’s responsive pleadings to be considered. Louisiana law provides that if a defendant fails to answer a concursus proceeding within the time delays allowed for that of an ordinary ^proceeding, any party may move for an ex parte order for the court to limit the response time, which may not exceed ten days from service of the order. The defendant’s failure to answer within the delay extended by the court will preclude him from answering or asserting a claim against plaintiff. La. C.C.P. 4657. However, if one of the defendants in the con-cursus proceeding is a state department, the notice of the court’s order to limit the delay for answer shall be sent to the attorney general. If no answer is filed within 15 days of the attorney general receiving notice, a judgment may be entered as provided by law. Specifically, La. C.C.P. art. 4657.1 provides:
A. Notwithstanding any other provision of law to the contrary, prior to the taking of a final judgment in any concur-sus in which one of the defendants is the state or any of its departments, offices, boards, commissions, agencies, or instru-mentalities, the notice of the order of court limiting the delay for answer, together with a copy of the petition or other demand, shall be sent by the party moving for the order to the attorney general by registered or certified mail or shall be served by the sheriff personally upon the attorney general or the first assistant attorney general at the office of the attorney general.
*1288 B. If the order of court is served on the attorney general by mail, the person mailing such items shall execute and file in the record an affidavit stating that these items have been enclosed in an envelope properly addressed to the attorney general with sufficient postage affixed, and stating the date on which such envelope was deposited in the United States mails. In addition, the return receipt shall be attached to the affidavit which was filed in the record.
C. If no answer is filed within fifteen days immediately following the date on which the attorney general or the first assistant attorney general received notice of the order to answer as provided herein, a judgment may be entered in the concursus proceeding as provided by law.
Sabine Bank filed its petition for concui’-sus on October 19, 2011. DCFS-CSE received service of the petition and citation through the |sLouisiana Attorney General on November 15, 2011. On January 20, 2012, Ms. Pesnell filed a motion and order to limit time in which to file an answer, pursuant to La. C.C.P. art. 4657. Service of the motion and order was made upon DCFS-CSE through the attorney general on February 2, 2012, which allowed DCFS-CSE 15 days to file an answer. La. C.C.P. art 4657.1. On March 1, 2012, 15 days past the extended deadline, DCFS-CSE filed a motion and order for an extension of time for the state to answer or file exceptions.
The trial court did not err by setting aside all of DCFS-CSE’s responsive pleadings. The motion and order to limit time was served on DCFS-CSE on February 2, 2012. DCFS-CSE failed to file an answer within the 15-day time limit set forth by La. C.C.P. art. 4657.1. As a result, the trial court’s initial decision to grant DCFS-CSE extended time to file an answer or exception was invalid. DCFS-CSE was time barred from filing any responsive pleading.

Conclusion

For the reasons set forth above, the trial court ruling is affirmed.

. C.C.P. art. 4657 provides:
If a defendant fails to answer within the delay allowed by law, any party may move for an ex parte order of court limiting the time in which an answer may be filed in the proceeding. In such event, the court shall order all defendants who have not answered to file their answers within a further delay to be assigned by the court, not exceeding ten days from the service or publication of the order. The failure of a defendant to file an answer within the delay as extended by the court precludes him thereafter from filing an answer, or from asserting his claim against the plaintiff:

. Ms. Pesnell has filed in this court a motion to dismiss the appeal, urging two grounds. First, she contended that DCFS-CSE voluntarily and unconditionally acquiesced in the judgment as evidenced by a letter from its attorney on June 29, 2012, waiving DCFS- *1286 CSE’s appearance at the July 9, 2012 hearing. Secondly, Ms. Pesnell argued that this court has no jurisdiction over the contested funds since she withdrew them from the bank. The motion to dismiss was referred to on the merits of the appeal.