**RICHARD HOLLYFIELD**          *          NO. 2022-CA-0050

**VERSUS**          *

          COURT OF APPEAL

**AMANDA TULLOS, M.D.**          *

          FOURTH CIRCUIT

          *

          STATE OF LOUISIANA

          * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11116, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)

Donna U. Grodner
GRODNER & ASSOCIATES
2223 Quail Run Drive
Suite B-1
Baton Rouge, LA 70808

     COUNSEL FOR APPELLANT

**REVERSED
AND REMANDED
OCTOBER 05, 2022**

RLB
DLD
PAB

This is a civil appeal. Appellant, Richard Hollyfield ("Mr. Hollyfield"), appeals the district court's judgment, which sustained Appellees' – the State of Louisiana, through the Board of Supervisors of Louisiana State University Agricultural Mechanical College, on behalf of LSU Health Sciences Center-New Orleans (the "State") – declinatory exceptions of insufficiency of citation and service of process (the "exceptions") filed on behalf of Amanda Tullos, M.D. ("Dr. Tullos") and dismissed his suit without prejudice. For the reasons that follow, we reverse the district court's judgment and remand this matter for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 5, 2016, Mr. Hollyfield underwent an inguinal hernia repair surgery. On May 13, 2016, after having post-surgery complications, he was admitted into the emergency room at University Medical Center of New Orleans ("UMC"). While at UMC, Mr. Hollyfield received treatment by Dr. Tullos and complained that her treatment to his groin area fell below the standard of care for a qualified health care provider. On October 15, 2016, Mr. Hollyfield filed a

1

complaint with the Division of Administration and requested a medical review panel ("MRP") to determine whether Dr. Tullos' actions violated the general standard of care for physicians within the same locality. The MRP issued Mr. Hollyfield a Certificate of Qualification on December 22, 2016, advising that Dr. Tullos was a qualified healthcare provider under the provisions of La. R.S. 40:1231.1, *et seq.*[1] Afterwards, pre-trial discovery commenced, and on November 8, 2017, counsel for Mr. Hollyfield deposed Dr. Tullos. Notably, at the deposition, Dr. Tullos was represented by counsel from the attorney's general office. During the deposition, counsel for Mr. Hollyfied requested that Dr. Tullos provide either a personal or professional address where service of citation could be effected. Because Dr. Tullos did not want to state her addresses on the record, counsel for Dr. Tullos stated on Dr. Tullos' behalf that Dr. Tullos could be served with citation through "LSU" or the "attorney general's office." On December 13, 2017, the MRP found the evidence did not support a finding that Dr. Tullos's treatment fell below the applicable standard of care.

On November 5, 2018, Mr. Hollyfield filed a petition for damages (the "Petition") identifying Dr. Tullos as the only named defendant. Mr. Hollyfield asserted similar allegations as set forth in the complaint filed with the MRP. The Petition also set forth requests for service of process on Dr. Tullos through the Human Resource Division of UMC and through the same assistant attorney general who represented Dr. Tullos at the discovery deposition. Dr. Tullos, through the

---

[1] La. R.S. 40:1231.1, *et seq.* provides the method by which patients may assert claims for medical malpractice, i.e. any unintentional tort or any breach of contract based on health care or professional services rendered.

2

assistant attorney general, was served with citation as Mr. Hollyfield requested, but not through UMC.[2]

On September 24, 2020, the State filed the declinatory exceptions of insufficiency of citation and service of process on behalf of Dr. Tullos. The State contended that Mr. Hollyfield's suit should be dismissed without prejudice because he failed to comply with the service requirement mandates pursuant to La. R.S. 13:5107 and La. R.S. 39:1538.[3] Specifically, the State argued that, although Mr. Hollyfield named a State qualified physician, he failed to request service of citation on the department head of the state agency (the "Board of Supervisors"), the Office of Risk Management (the "ORM") and the Attorney General of Louisiana (the "attorney general") within ninety days of commencement of the suit as mandated by La. R.S. 13:5107.

The exceptions came for hearing on November 5, 2020, and neither Mr. Hollyfield nor his counsel of record was present for the hearing. At the conclusion of the hearing, the district court sustained the State's exceptions and dismissed Mr. Hollyfield's suit without prejudice. On December 4, 2020, Mr. Hollyfield filed a motion for reconsideration and memorandum in opposition to the State's exception (the "motion to reconsider"). Counsel for Mr. Hollyfield represented that an internal error prevented her from attending the November 5, 2020 hearing. Mr. Hollyfield further argued that the assistant attorney general designated for the case while his claim was before the MRP was served with the Petition; thus, service of process was timely requested and effectuated on the attorney general's office in

---

[2] Service of citation was attempted on Dr. Tullos at UMC, but it was noted in the Sheriff's return that Dr. Tullos was not at the address provided.

[3] La. R.S. 13:5107 and La. R.S. 39:1538, which provide the mandatory statutory provision for service of citation and process when the State, its agencies, or employees are named defendants, will be more fully discussed *infra*.

3

accordance with La. R.S. 13:5107 and La. R.S. 39:1538. The motion to reconsider was granted on December 11, 2020, and the matter came for hearing on January 28, 2021. At the hearing, Mr. Hollyfield, relying on *Whitley v. State ex rel. Bd. Of Sup'rs of La. State Univ. Agric. Mech. Coll.*, 11-0040 (La. 7/1/11), 66 So.3d 470, argued that pursuant to La. R.S. 13:5107, service of citation on the attorney general was timely and sufficient, and the failure to request service on the ORM and the Board of Supervisors in accordance with La. R.S. 39:1538 could be cured by amendment.

After hearing arguments of council, the district court found that, in accordance with the statutes, Mr. Hollyfield was required to serve the department head of the agency concerned, the ORM and the attorney general within ninety days of commencement of the suit, and he failed to do so. The district court, again, sustained the State's exception and dismissed Mr. Hollyfield's suit without prejudice.[4]

On February 5, 2021, Mr. Hollyfield filed a motion for leave to amend and serve the Petition (the "motion for leave"). Mr. Hollyfield sought to amend the Petition to name as an additional defendant the State. Mr. Hollyfield also requested service of process on the State, through the Board of Supervisors, as well as the ORM. The district court denied the motion for leave on February 11, 2021.

The district court's judgment on the exception was signed on December 15, 2021, and notice of signing of judgment was mailed on the same date. This timely appeal followed.[5]

---

[4] The hearing transcript reflects the district court further orally granted Mr. Hollyfield thirty days within which to refile his suit to name the necessary parties as defendants; however, the district court's written judgment is silent on this issue.

**DISCUSSION**

Mr. Hollyfield raises two assignment of errors. First, he argues that the district court erred in sustaining the exception and dismissing his action without prejudice after finding he failed to comply with the requirements of La. R.S. 13:5107. Second, he urges that the district court erred in denying the motion for leave to amend the Petition to add the State and issue service of citation on the Board of Supervisors and the ORM, thus, satisfying the requirements of La. R.S. 39:1538. When there are no disputes as to the facts, as in the case *sub judice*, "the ruling on exceptions of insufficiency of citation and service of process is [reviewed under] a *de novo* standard of review." *Brown v. Chesson*, 20-00730, p. 2 (La. 3/24/21), 315 So.3d 834, 836 (citing *Wilson v. Dep't of Pub. Safety & Corr.*, 53,433, p. 3 (La. App. 2 Cir. 4/22/20), 295 So.3d 1274, 1276, *writ denied*, 20-00717 (La. 9/29/20), 301 So.3d 1176). Accordingly, an appellate court's interpretation of the application of La. R.S. 13:5107 and La. R.S. 39:1538 to the facts of a case presents a question of law and is likewise reviewed under a *de novo* standard of review. *Id*. at p. 3, 315 So.3d at 836 (citing *Pierce Founds., Inc. v. Jaroy Constr., Inc.*, 15-0785, p. 7 (La. 5/3/16), 190 So.3d 298, 303).

***Applicable Law***

La. R.S. 13:5107 provides the statutory requirements for citation and service against the state, state agencies or political subdivisions, in relevant part:

> A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board,

---

5 On July 21, 2022, the State, in a letter to this Court, informed the Court that it declined to oppose Mr. Hollyfield's appeal and would not file an Appellee's brief.

commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.

*    *    *

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C),[6] as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

La. R.S. 39:1538, the statutory guidelines for serving claims against the

State in which the State may be found liable for damages, provides, in pertinent

part:[7]

---

[6] La. C.C.P. art. 1672(C) provides that a judgment dismissing an action without prejudice shall be rendered for failure to timely request service unless, after contradictory hearing, good cause is shown why service could not be requested.

6

D. In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

"The starting point in the interpretation of any statute is the language of the statute itself." *Whitley*, 11-0040, p. 6, 66 So.3d at 474 (citing *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So.2d 16, 27). It is axiomatic that when statutory language is troublesome, i.e. ambiguous, it falls to the courts to parse their meaning. As the Supreme Court articulated in *Pierce Founds., Inc.*, 15-0785, p. 6, 190 So.3d at 303, "[l]egislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent." (citing *Cat's Meow, Inc. v. City of New Orleans through Dep't of Fin.*, 98-0601, p. 15 (La. 10/20/98), 720 So.2d 1186, 1198; *La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 09-0023, p. 8 (La. 6/26/09), 17 So.3d 350, 355-56; *see also* La. R.S. 24:177(B)(1)). However, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Similarly, "[w]hen the wording of a section of the revised statutes is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." *Whitley*, 11-0040, p. 6, 66 So.3d at 474 (citing La. R.S. 1:4). "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." *Id*. (quoting La. R.S. 1:3). Nevertheless, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as

---

[7] La. R.S. 39:1538 was amended by Act 2022 La. Sess. Laws Serv. Act 369 (H.B. 78). The amendment added Subpart E to the statute, which is not pertinent to this case.

7

having the meaning that best conforms to the purpose of the law." La. C.C. art. 10. Additionally, "[w]hen the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." La. C.C. art. 12.

In accordance with La. C.C.P. art 932:

A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.

B. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed; except that if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.

With these tenets in mind, we conduct our *de novo* review.

*Analysis*

In his brief to this Court, Mr. Hollyfield argues that the ninety-day time period within which to make a request for service, as mandated in La. R.S. 13:5107(D), is only applicable to the attorney general, not the ORM or the Board of Supervisors. Thus, he posits that service of citation effectuated on Dr. Tullos through the assistant attorney general satisfied the requirement that service shall be requested on the attorney general within ninety days of commencement of the suit, and that Dr. Tullos was sufficiently served with citation. In support, Mr. Hollyfield relies on *Brown v. Chesson*, 20-00730 (La. 3/24/21), 315 So.3d 834, wherein the Supreme Court granted certiorari review to determine whether the

8

service requirements of La. R.S. 13:5107(D) is limited to instances where a named defendant is not timely served.

In *Brown*, the patient filed a petition for damages in the district court against the qualified state healthcare provider (the "doctor"), alleging the doctor committed medical malpractice during surgery and post-operation care. The doctor was the only named defendant in the petition, and the patient requested service of citation on the doctor at his medical office. The doctor filed declinatory exceptions of insufficiency of citation and service of process and argued that the patient failed to comply with La. R.S. 13:5107 and La. R.S. 39:1538 by failing to serve the head of the department for the Board of Supervisors, the ORM and the attorney general. The district court overruled the doctor's exception, and the doctor sought supervisory review with this Court.

This Court, relying on *Velasquez v. Chesson*, 13-1260, (La. App. 4 Cir. 10/8/14), 151 So.3d 812 and *Wright v. State*, 18-0825 (La. App. 4 Cir. 10/31/18), 258 So.3d 846, reversed the district court's judgment and found that the doctor – although named individually in the patient's petition – was required to receive timely service of citation through the head of the department for the Board of Supervisors, the ORM or the attorney general. *See Brown v. Chesson*, 19-0447, (La. App. 4 Cir. 4/24/20), 299 So.3d 741. The Supreme Court, in reversing this Court's decision, reiterated *Whitley* and set forth that "while La. R.S. 13:5107(D) mandates service be requested within ninety days of the commencement of the action under penalty of dismissal without prejudice, such penalty is limited to instances where a *named defendant* is not timely served." *Brown*, 20-00730, pp. 4-5, 315 So.3d at 837 (citing *Whitley*, 11-0040, pp. 16-17 (La. 7/1/11), 66 So.3d at 480-81). The *Brown* Court further espoused that "'[a]lthough La. R.S.

13:5107(D)(1) clearly requires that service of citation be requested within ninety days of the commencement of the action, it does not specify the manner of making such request or when request is deemed to be made.'" *Id.* at p. 5, 315 So.3d at 837 (quoting *Tranchant v. State*, 08-0978, p. 5 (La. 1/21/09), 5 So.3d 832, 835).[8] The *Brown* Court set forth that "[i]f a medical malpractice plaintiff may name an individual physician state health care provider as a defendant, it is axiomatic that service may be requested on this individual pursuant to La. C.C.P. art. 1232." *Id.* at p. 5, 315 So.3d at 838 (citing *Detillier v. Kenner Reg'l Med. Ctr.*, 03-3259, pp. 13-14 (La. 7/6/04), 877 So.2d 100, 109). Accordingly, the Supreme Court concluded that the patient timely requested service on the doctor, who was the only named defendant in her petition.

In this case, as previously mentioned, during the medical review panel pre-trial discovery stage, while deposing Dr. Tullos counsel for Mr. Hollyfield sought to ascertain the best address for service of citation. Dr. Tullos, who was represented by an assistant attorney general, refused to provide her personal or professional address. In response to the request, the assistant attorney general, speaking on behalf of Dr. Tullos stated, "[w]e can always get her information to you – get her – get her if you need to serve her through LSU. If not, through us, the Attorney General's Office." Thereafter, service of citation was made on Dr. Tullos through the assistant attorney general. The State, conceding in its reply

---

[8] *See also, e.g., Draten v. Univ. Med. Ctr. Mgmt. Corp.*, 20-0519, p. 14 (La. App. 4 Cir. 7/21/21), 325 So.3d 441, 449-50 (where this Court reversed the district court's granting of an exception of insufficiency of service of process and citation and concluded that in accordance with La. C.C.P. art. 1201(C), service of process that is requested within ninety days of the commencement of the action with the clerk of court by the plaintiff's petition is a sufficient request for service of process).

10

memorandum to the district court that Dr. Tullos was properly served with citation, wrote:

> On November 5, 2018, the Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans. The Plaintiff only named Dr. Tullos as a defendant. Service upon Dr. Tullos was successful. The plaintiff did not name as a defendant, nor request service upon, any state agencies including Office of the Attorney General, Office of Risk Management, nor the Board of Supervisors of Louisiana State University Agricultural and Mechanical College on behalf of LSU Health Sciences Center-New Orleans as required by law. To date, there is no proper service on the requisite parties in this matter.

As in *Brown*, we conclude that Mr. Hollyfield timely requested service of citation, pursuant to La. R.S. 13:5107(D)(1), on Dr. Tullos, the only named defendant in the Petition. We also find that service of citation on Dr. Tullos through the assistant attorney general – an employee of the attorney general's office over the age sixteen years – was sufficient to put the State on notice of the claims against it. Thus, we determine that, in this instance, service on the assistant attorney general satisfied the requirement that service shall be requested on the attorney general with ninety days of the commencement of the suit, pursuant to La. 13:5107(2). Consequently, the district court erred in finding Mr. Hollyfield failed to comply with the requirements of La. R.S. 13:5107, dismissing his suit without prejudice. This assignment of error has merit.

Next, Mr. Hollyfield, citing the *Whitley* Court, argues that any objection of insufficiency of service based on La. R.S. 39:1538(D) may be cured by serving the State entities not previously served in the original petition. We agree.

In *Whitley*, 11-0040, 66 So.3d 470, the plaintiff filed a medical malpractice action against the State of Louisiana, through the Board of Supervisors of Louisiana State University Agricultural Mechanical College on behalf of the

Medical Center of Louisiana at New Orleans–University Campus (the "hospital"). The plaintiff initially requested service of citation on the Board of Supervisors, through its chairman and agent for service of process. About two and half years later, service was effectuated on the ORM and the attorney general. The hospital filed a declinatory exception for insufficient service of process, which was overruled by the district court. This Court denied the hospital's writ application, and plaintiff sought certiorari review. The Supreme Court granted the hospital's application for certiorari review for the sole purpose to determine whether, in a tort action against a state agency, it is sufficient to serve only the head of the state agency with citation within the ninety-day timeframe, or whether service of process was also necessary on the ORM and the attorney general. The *Whitley* Court found that although the plaintiff failed to serve the ORM and the attorney general pursuant to La. R.S. 39:1538(D), unlike La. R.S.13:5107,[9] La. R.S. 39:1538 did not mandate that service of process be requested within ninety days of the commencement of the action or be subject to dismissal pursuant to La. C.C.P. art. 1672(C). The Supreme Court explained that because La. R.S. 39:1538(D)[10] did not include a timeframe in which to serve the named persons and entities, a timely request of service on one of the three listed under the statute was sufficient to put them all on notice of the tort claims against the pertinent State entity. The *Whitley* Court concluded "an objection of insufficiency of service based on [La. R.S.]

---

[9] It is important to note that after *Whitley* was decided, La. R.S. 13:5107 was amended 2012 La. Acts 770. The amendment changed the designation of paragraph (A) to (A)(1) and added paragraph (A)(2), making it mandatory for the attorney general to be served within ninety days of commencement of the action.

[10] After *Whitley* was decided, La. R.S. 39:1538 was amended by 2018 La. Acts 627 with the addition of Subpart E, which is not pertinent to the case *sub judice*.

39:1538(4) can be cured by subsequent service on those entities/persons not previously served." *Whitley*, 11-0040, p. 18, 66 So.3d at 482.

Also instructive is the case of *Hunter v. La. State Univ. Agr. & Mech. Coll. ex rel. La. Health Care Servs. Ctr. for Univ. Hosp. at New Orleans*, 11-2841 (La. 3/9/12), 82 So.3d 268, to be instructive. The facts of *Hunter*, as set forth by this Court in *Hunter v. La. State Univ. Agric. & Mech. Coll. ex rel. La. Health Care Servs. Ctr. for Univ. Hosp. at New Orleans*, 10-1406, (La. App. 4 Cir. 6/8/11), 77 So.3d 264, are summarized as follows:

The plaintiff alleged he sustained injuries while visiting University Hospital. The plaintiff subsequently filed suit, inadvertently naming Louisiana State University Agricultural Mechanical College on behalf of Louisiana Health Care Service Center for University Hospital at New Orleans, AKA University Hospital (the "hospital") as a defendant. The plaintiff timely requested service of citation on the attorney general and attempted service of citation on the hospital through an improper agent for process, rather than the chairman of the Board of Supervisors, as required by the statute. Following, service of citation was effectuated on the attorney general but never made on the hospital. After a hearing, the district court sustained an exception of insufficiency of service of process filed by the hospital and dismissed plaintiff's action against the hospital without prejudice. The plaintiff appealed. On appeal, this Court affirmed the district court's judgment, finding that the plaintiff lacked good cause for failing to request service of citation on the correct agent for service of process for the hospital within ninety-days of commencement of the suit. The plaintiff filed an application for certiorari review with the Louisiana Supreme Court, which was granted. On review, the Supreme Court, in reversing this Court's decision, found that the plaintiff timely requested

service on the attorney general; thus, placing the attorney general on notice of the tort action against the hospital and satisfying the requirements of La. R.S. 13:5107. The *Hunter* Court further concluded that while the plaintiff did not satisfy the requirements of La. R.S. 39:1538, the appellate court was errant in dismissing the action, rather than allowing plaintiff the opportunity to cure the defect by serving the department head and the ORM.[11]

Applying these principles to the case *sub judice*, we find that the district court erred in dismissing Mr. Hollyfield's suit without allowing him the opportunity to cure the defective service in accordance with La. C.C.P. art. 932(A). This assignment of error has merit.

## CONCLUSION

For the foregoing reasons, we reverse the district court's judgment dismissing Mr. Hollyfield's claims without prejudice and remand the matter to allow Mr. Hollyfield an opportunity to attempt to cure the defects.

**REVERSED
AND REMANDED**

---

[11] *See also Marcell v. Toyota Motor N. Am., Inc.*, 11-1072, pp. 4-5 (La. App. 3 Cir. 2/1/12), 84 So.3d 757, 760 (where the court opined that "because Plaintiff can cure this defective service by requesting and obtaining service on those entities, the trial court erred in dismissing her claims without allowing her time to do so.").