WEIMER, Justice.
 

 | ,The issue to be resolved is whether it is sufficient to serve with citation only the head of a state agency or whether it is necessary to also serve the attorney general and the office of risk management in a tort action against a state agency. Specifically, this matter is before the court for a determination of whether the plaintiffs request for service and citation within 90 days from the commencement of this tort
 
 *472
 
 suit on only the head of the state agency satisfied the requirements of LSA-R.S. 13:5107 and LSA-R.S. 39:1538. For the reasons that follow, we find that the initial service on only the department head was sufficient and that the subsequent service on the 12attorney general and the office of risk management cured the objection posed by the state agency’s exception of insufficiency of service. Consequently, the appellate court did not err in affirming the trial court’s judgment, which overruled the state agency’s exception and denied its request for dismissal of the plaintiffs suit. Accordingly, we affirm the court of appeal’s decision.
 

 FACTS AND PROCEDURAL HISTORY
 

 Following an automobile accident that occurred in May 2003, Regina Whitley (Whitley), who was approximately five months pregnant, received treatment at Louisiana State University Health Sciences Center-Medical Center of Louisiana at New Orleans — University Campus (University). On July 7, 2003, Whitley delivered a stillborn infant.
 

 The instant action for medical malpractice against University was filed by Whitley on October 26, 2007, seeking damages arising from negligence in the medical care rendered to her and her unborn child following the automobile accident.
 
 [2]
 
 At the time of the filing, Whitley requested service of process only on “Rod West, Esq. (Chairman — [Louisiana State University] Board of Supervisors).” On April 12, 2010, about two-and-a-half years after suit was filed, the attorney general (AG) and the office of risk management (ORM) received a faxed copy of the citation and petition from Whitley’s counsel. University then filed a “Declinatory Exception of Insufficiency of Service of Process Pursuant to Article 925(A)(2), La.Code of Civil Procedure,” requesting the dismissal of Whitley’s suit pursuant to LSA-C.C.P. art. 1672(C) based on Whitley’s alleged failure to comply with the service requirements I,of LSA-R.S. 39:1538 and LSA-R.S. 13:5107. University argues that these statutory provisions require that the AG and ORM both be served in addition to the head of the department. After a hearing on July 26, 2010, the trial court overruled University’s exception of insufficiency of service of process, stating:
 

 Service was timely requested and made on a proper agent of the State, Rod West in his capacity as Chairman of the LSU Board of Supervisors. It is the Court’s opinion that the State, through West, was sufficiently served pursuant to La. C.C.P. art. 1201, La. R.S. 13:5107 and 39:1538.
 

 Nonetheless, service was subsequently requested by Whitley and made on the AG and ORM as reflected in Whitley’s supplementation of the court record.
 

 University sought supervisory review of the trial court’s ruling, which was denied by the appellate court for the following reasons:
 

 The trial court, in its reasons for judgment, found that service was timely requested and made on a proper agent of the state, Rod West in his capacity as Chairman of the LSU Board of Supervisors. We agree. Athough La. R.S. 13:5107 provides general requirements for service on the state, “R.S. 13:5107
 
 *473
 
 does not prohibit service as provided in [La.] C.C.P. art. 1265.”
 
 Thorning v. State, Dep’t. of Transp, and Dev.,
 
 06-57, 1 (La.App. 5 Cir. 6/28/06), 934 So.2d 895, 901 (Daley, J., concurring). Under La. C.C. art. 1265, “[sjervice of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age or discretion.” By serving Mr. West, in his capacity as Chairman of the LSU Board of Supervisors, the plaintiff timely requested and made service on a proper agent of the state. The trial court thus did not err in denying the Relator’s exception of insufficient service of process. Accordingly, the Relator’s application for supervisory writ is denied. [Footnote omitted.]
 

 Whitley v. State, Board of Supervisors of Louisiana State University Agricultural Mechanical College, on behalf of the Medical Center of Louisiana at New Orleans-University Campus,
 
 10-1198 (La.App. 4 Cir. 12/7/10) (unpublished writ action). Judge Jones dissented for the following reasons:
 

 I have reviewed the writ application of the State of Louisiana in the above-captioned and numbered matter, and pursuant to La. R.S. 39:1538(4), at a minimum, the respondent, Ms. Regina Marie Whitley, was required to effect service upon the Attorney General, the Office of Risk Management,
 
 and
 
 Mr. Rod West in his capacity as the head of LSU’s Board of Supervisors. Although the majority has relied upon the general articles for service of process upon the state to support the position that service upon Mr. West was effective service as to all, Louisiana case law is silent on this issue.
 

 Furthermore, while the respondent attempted to supplement the writ application on November 12, 2010, with documentation indicating that service was made on both the Attorney General and the Office of Risk Management on September 23, 2010, service was clearly untimely. Ms. Whitley filed suit on October 24, 2007, more than three years ago, but she failed to request service on the Attorney General and the Office of Risk Management within ninety (90) days pursuant to La. R.S. 13:5107(D)(1) and (D)(2). Therefore, service was insufficient in this case and I would grant the writ application of the relator. For these reasons, I respectfully dissent.
 

 Id.
 
 (Jones, J., dissenting).
 

 In its writ application to this court, University argued that the trial court erred in overruling its exception of insufficiency of service since Whitley was required to request and provide service of process on the head of University and the AG under LSA-R.S. 13:5107 and LSA-R.S. 39:1538, as well as ORM under LSA-R.S. 39:1538. We granted University’s application for a supervisory writ to determine whether request for service on University alone was sufficient or whether service on the AG and ORM was also required.
 
 See Whitley v. State, Board of Supervisors of Louisiana State University Agricultural Mechanical College, on behalf of the Medical Center of Louisiana at New Orleans-University Campus,
 
 11-0040 (La.3/4/11), 58 So.3d 463.
 

 DISCUSSION
 

 Two statutes must be considered in determining the sufficiency of service on University: LSA-R.S. 13:5107 and LSA-R.S. 39:1538. University urges that these | Sstatutes require a request for multiple service within the specified time to avoid an involuntary dismissal pursuant to LSA-
 
 *474
 
 C.C.P. art. 1672(C). On the other hand, Whitley contends that a request for service on one of the entities/persons enumerated in LSA-R.S. 18:5107(A) is sufficient to preclude the dismissal of her action. Despite the fact that the substance of LSA-R.S. 13:5107(A) was enacted in 1966,
 
 [3]
 
 this matter has only recently been contested by state agencies in an effort to obtain the dismissal of suits against the agencies and has not been directly addressed by this court.
 
 [4]
 
 However, the appellate courts and some panels of the same appellate courts that have considered this issue in unpublished writ actions have reached conflicting decisions.
 
 See Butler v. Louisiana Technical College-Greater Capital Area Foundation, Inc.,
 
 10-1880 (La.App. 1 Cir. 11/17/10),
 
 writ denied,
 
 10-2783 (La.2/11/11), 56 So.3d 1002 (unpublished writ action that denied the state agency’s application for a supervisory writ from the trial court’s denial of the agency’s motion for dismissal where a timely request for service had been made as to the AG and the agency’s head, who was not the agency’s designated agent for service of process);
 
 Burnett v. James Construction Group,
 
 10-1275 (La.App. 1 Cir. 10/27/10),
 
 writ granted,
 
 10-2608 (La.2/11/11), 56 So.3d 991 (unpublished writ action holding that service on only the AG was insufficient since LSA-R.S. 13:5107 clearly mandates that service of citation on a state agency must be made upon the attorney general and on the “agency head” for the department against which the action is filed);
 
 [5]
 

 Edwards v. State of Louisiana,
 
 10-1332 (La.App. 4 Cir. 10/27/10) (unpublished writ action finding that service on only the department head was insufficient under LSA-R.S. 13:5107 and LSA-R.S. 39:1538);
 
 Williams v. Zar,
 
 10-888 (La.App. 5 Cir. 10/15/10) (unpublished writ action holding that service on only the head of the state agency was sufficient);
 
 Oliver v. Bayou Regions Support Services through the State of Louisiana,
 
 10-0748 (La.App. 1 Cir. 7/19/10) (unpublished writ action that held LSA-R.S. 13:5107(A) mandates service on the agency head and the AG).
 

 The starting point in the interpretation of any statute is the language of the statute itself.
 
 M.J. Farms, Ltd. v. Exxon Mobil Corp.,
 
 07-2371 (La.7/1/08), 998 So.2d 16, 27. When the wording of a section of the revised statutes is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. LSA-R.S. 1:4. “Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.” LSA-R.S. 1:3. “The word ‘shall’ is mandatory and the word ‘may’ is permissive.”
 
 Id.
 

 A. LSA-R.S. 13:5107
 

 Louisiana Revised Statute 13:5107(A) provides:
 

 In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and
 
 *475
 
 service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against. [Emphasis added.]
 

 |7In support of their arguments, Whitley focuses on the legislature’s use of the word “may,” and University relies on the legislature’s use of the word “and.” The use of the word “may” followed by the use of the words “or” and “and” in numerous instances throughout the statute makes this provision convoluted and confusing.
 

 In part, LSA-R.S. 13:5107(A) provides that when Louisiana or one of its agencies has been sued, “citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state.” Emphasis added. Whitley correctly observes that the word “may” is permissive.
 
 See
 
 LSA-R.S. 1:3. Furthermore, unless it is otherwise clearly indicated by the context, whenever the term “or” is used in the revised statutes, it is used in the disjunctive and does not mean “and/or.” LSA-R.S. 1:9. Based on the legislature’s use of the words “may” and “or” in this portion of Subsection A, Whitley argues she had the choice of either serving the AG or the appropriate representative of University. However, Subsection A does not end there, and that portion of Subsection A cannot be read in isolation.
 
 See City of New Orleans v. Louisiana Assessors’ Retirement and Relief Fund,
 
 05-2548 (La.10/1/07), 986 So.2d 1, 18 (a statute cannot be interpreted by review of select portions of the statutory scheme). All the words must be read together. The meaning and intent of a law must be determined by a consideration of the law in its entirety.
 
 Id.
 

 The remainder of LSA-R.S. 13:5107(A) provides “and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the | ¿identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.” Emphasis added. According to Whitley, the latter portions of Subsection A address the requirements for service when the named defendant is a member of the department, board, commission, or agency, and the requirements for service on the proper board, commission, department, agency, or officer suit is filed against. A review of the history of this legislation does not support Whitley’s contention.
 

 Service and citation in suits against the state were initially addressed by the legislature in 1960 La. Acts No. 27, § 6, which provided:
 

 Citation and process in suits against the state shall[
 
 6
 
 ] be served on the Attorney General, or on any employee in his office above the age of sixteen years;
 
 *476
 
 and in suits against other public bodies, in the manner provided by law.
 

 This provision was amended by 1966 La. Acts No. 284, § 1, to specifically address suits against other public entities and was enacted as LSA-R.S. 13:5106, which provided:
 

 In all suits authorized by the Louisiana Legislature to be filed against the state of Louisiana or any of its boards, commissions, departments or agencies or any of its political subdivisions, citation and service may[
 
 7
 
 ] be obtained by citation and service on the Attorney General of Louisiana, or on any employee in his office above the age of sixteen years, or a district attorney or a city attorney or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency or officer through which or through whom suit is to be filed against. [Emphasis added.]
 

 IsThe AG is the state’s chief legal officer. La. Const, art. IV, § 8. Notwithstanding any other law to the contrary, and in addition to any other powers, duties, or authority granted to the AG and the Department of Justice by the constitution and laws of the state, the AG shall represent the state and all departments and agencies of state government in all litigation arising out of or involving tort or contract. LSA-R.S. 49:257(A).
 

 A review of these statutory provisions reveals that the portion of LSA-R.S. 13:5107(A) preceding the conjunctive “and” in question pertains to citation and service on the legal counsel of the named defendant, as those respective offices will presumably have the primary responsibility for representing the named defendant. And, where the legal counsel for the named defendant is not the AG, the district attorney, or the city attorney, citation and service may be made on “any other proper officer or person, depending upon the identity of the named defendant.” Those portions of Subsection A that follow the word “and” pertain to citation and service on the named defendant.
 

 In 1975, Part XV of Chapter 32 of Title 13 of the revised statutes containing LSA-R.S. 13:5101 to 5111 was amended and reenacted at which time former LSA-R.S. 13:5106 was only slightly revised and was renumbered to 5107.
 
 See
 
 1975 La. Acts No. 434, § 1 (establishing the Louisiana Government Claims Act pursuant to authority vested by La. Const, art. XII, § 10). In 1983, Section 5107 was amended and divided into Subsections A and B.
 
 See
 
 1983 La. Acts No. 586, § 1. Subsection A of Section 5107 addressed citation and service in suits against the state and its agencies, and Subsection B pertained to citation and service in suits against a political subdivision of the state. When the legislature removed political subdivisions of the state from the first portion of Subsection A, it also removed the references to the legal | ^counsel of those public entities. When considered in this context, the phrase “or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state” in the first portion of Subsection A clearly pertains to citation and service on the legal counsel of the named
 
 *477
 
 defendant and not to the named defendant itself, which is addressed in the latter parts of Subsection A. Accordingly, we find that Whitley’s argument to the contrary lacks merit.
 

 As to the legislature’s use of the words “may” and “and,” Whitley urges that interpreting the language of LSA-R.S. 13:5107(A) to compel double service would require the insertion of a mandatory “shall” in place of the permissive “may” that appears in the statute. On the other hand, University urges that the permissive term “may” applies only to the list of individuals, including the AG, any employee above the age of 16 years, or any other proper officer or person, depending upon the identity of the named defendant, and that the legislature’s subsequent use of the conjunctive term “and” requires a plaintiff to additionally serve “the department, board, commission, or agency head or person.”
 

 Key to our interpretation of this statutory provision is the fact that LSA-R.S. 13:5107(A) contains a single verb phrase, that is, “may be obtained,” which modifies all of the phrases that follow it, including those that appear after the conjunctive “and” in question. Therefore, from a grammatical standpoint, citation and service:
 

 1. may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
 

 2. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and
 

 3. may be obtained by citation and service on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
 

 Providing permission to request service on the AG and the head of the agency does not impose a requirement that the plaintiffs request for service pertain to both. The fact that these phrases are joined by a conjunctive “and” does not make the phrases mandatory. If the legislature had intended to require a request for service on multiple individuals, it could have done so by use of mandatory language such as “shall” or “must.”
 
 See, e.g.,
 
 Federal Rules of Civil Procedure Rule 4(i)(l) (pertaining to the service of a summons on the United States and its agencies that utilizes the word “must” to clearly indicate that multiple service is required);
 
 see also
 
 Fla. Stat. § 768.28(7); Ga.Code Ann. § 50-21-26(a)(2); Nev.Rev.Stat. § 41.031(2) (pertaining to the service of process in a suit against the state or a state agency that utilize the word “shall” or “must” to clearly indicate that multiple service is required). To interpret LSA-R.S. 13:5107(A) to mandate a request for multiple service would require this court to replace the word “may” in the lone verb phrase in this statutory provision with the word “shall” or “must.”
 
 [8]
 
 Notably, the
 
 *478
 
 inclusion of a mandatory “shall” in Subsection A by the legislature would not have otherwise impacted the disjunctive nature of the service provided for in the phrase that precedes the “and” in question.
 

 | ^Furthermore, at the time suit was filed and judgment was rendered by the trial court in this matter, LSA-R.S. 13:5107(D) provided:
 
 [9]
 

 (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
 

 When service is not requested by the plaintiff within 90 days of the commencement of the action, the action shall be dismissed, without prejudice, after contradictory motion as provided in LSA-C.C.P. art. 1672(C). LSA-R.S.13:5107(D)(2). When such a dismissal occurs, prescription is not interrupted as to the state defendants. LSA-R.S.13:5107(D)(3). Considering this harsh consequence and the policy favoring maintaining actions, we conclude that, if the legislature’s word choice makes LSA-R.S. 13:5107(A) susceptible to two possible constructions, this statute should be sconstrued in favor of maintaining Whitley’s claim.
 
 Cf. Lima v. Schmidt,
 
 595 So.2d 624, 629 (La.1992) (holding that of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the claim).
 

 Furthermore, the legislature obviously understands the significance of the use of the permissive “may” as opposed to the mandatory “shall” because both “shall” and “may” are used in LSA-R.S. 13:5107.
 
 Compare
 
 LSA-R.S. 13:5107(A), which uses “may” with LSA-R.S. 13:5107(D)(1) through (3) all of which use “shall.”
 

 
 *479
 
 Applying the rules of statutory interpretation, we conclude that Whitley’s request for service of citation on University satisfied the requirements of LSA-R.S. 13:5107(A) and (D) and, thus, afforded University an opportunity to request the legal representation to which it is entitled. Next, we must determine if University is otherwise entitled to dismissal of Whitley’s claim pursuant to LSA-C.C.P. art. 1672(C) for failure to serve the AG and ORM, as required by LSA-R.S. 89:1538(4), within 90 days of the commencement of her action.
 

 B. LSA-R.S. 39:1538
 

 Louisiana Revised Statute LSA-R.S. 39:1538 was added by 1980 La. Acts No. 520, § 1, which addresses the funding for the state’s liabilities for money damages arising from tort suits, and has not been amended. LSA-R.S. 39:1538 provides:
 

 (1) Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter. However, immunity for discretionary acts of executive, legislative, and judicial officers within the scope of their legally defined powers shall not be abridged.
 

 | u(2) The state and its agencies shall be liable for claims in the same manner and to the same extent as a private individual under like circumstances.
 

 (3) A judgment may be settled in accordance with R.S. 39:1535(B)(6).
 

 (4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107. However, there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.
 

 In addition to the service of citation required by LSA-R.S. 13:5107(A), LSA-R.S. 39:1538(4) utilizes the mandatory “shall,” which clearly requires that service of process be effected on three entities/persons: the department head, the ORM, and the AG. Notably, the service requirements imposed by LSA-R.S. 39:1538(4) have not previously been directly addressed by this court.
 

 Because Whitley initially requested service on only the department head, University urges that the lower courts erred in overruling its exception of insufficiency of process and denying its motion for dismissal. Relying on
 
 Woods v. State, Dept. of Health and Hospitals,
 
 08-0257 (La.App. 1 Cir. 6/6/08), 992 So.2d 1050, 1056 n. 7,
 
 writ denied,
 
 08-2426 (La.12/19/08), 996 So.2d 1133, and
 
 Thorning v. State, Dept. of Transp. and Development,
 
 06-57 (La.App. 5 Cir. 6/28/06), 934 So.2d 895, 901 (Daley, J., concurring),
 
 writ denied,
 
 06-1869 (La.10/27/06), 939 So.2d 1286, Whitley questions the applicability of this statutory provision to her claim because it does not involve a “procedure for collecting on a claim against the state or a state agency.”
 

 Concerning the applicability of LSA-R.S. 39:1538(4) to Whitley’s tort action, we note the following. The phrase “actions
 
 *480
 
 brought pursuant to this Section” refers 11Bto “[c]laims[
 
 10
 
 ] against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or -wrongful act or omission of any employee of the agency while acting within the scope of his office or employment ... [which] may be prosecuted in accordance with the provisions specified in [Chapter 16-A titled “Insurance” in Title 39 of the Louisiana Revised Statutes].”
 
 See
 
 LSA-R.S. 39:1538(1). Furthermore, pursuant to LSA-R.S. 39:1535, the commissioner of administration through ORM is responsible for, among other things, (1) managing all tort claims made against the state or any state agency whether or not covered by the Self-Insurance Fund, (2) assisting its counsel in the defense of claims against the state, (3) investigating claims that fall within the scope of Chapter 16-A, and (4) negotiating, compromising, and settling all claims against the state or state agencies covered by the Self-Insurance Fund, and all tort claims against the state or state agencies whether or not covered by the Self-Insurance Fund.
 
 See
 
 LSA-R.S. 39:1535(A) and (B)(4), (5), and (6). These duties and responsibilities extend to tort claims in general and are not limited to those claims that have been litigated and a money judgment has been entered against the state or a state agency. Moreover, there is no requirement in Chapter 16-A of Title 39 that a plaintiff bring a separate cause of action pursuant to LSA-39:1538 to obtain payment following settlement or judgment in a suit against a state agency. In fact, Chapter 16-A sets forth the guidelines and framework necessary for ORM to pay a plaintiff following a | ^settlement or post-trial judgment, which does not require that the plaintiff assert another cause of action or claim for collection purposes.
 

 Considering the language of LSA-R.S. 39:1538(4) together with the other statutes in Chapter 16-A of Title 39, we conclude that LSA-R.S. 39:1538(4) applies in this tort action and that, pursuant to this statute, Whitley was, at a minimum, required to serve “the head of the department concerned, the office of risk management, and the attorney general.” Thus, Whitley’s failure to effect service on the AG and ORM would have entitled University to have its declinatory exception of insufficiency of service of process sustained by the trial court.
 
 See
 
 LSA-C.C.P. art. 925(A)(2). However, for the following reasons, University would not have been entitled to dismissal of Whitley’s action.
 

 The service provisions of LSA-R.S. 39:1538(4) are distinguishable from those of LSA-R.S. 13:5107 and LSA-C.C.P. art. 1201 in several respects. Louisiana R.S. 39:1538(4) addresses “service” as opposed to “request for service” and concerns service of “process” as opposed to “service of citation.”
 
 [11]
 
 Furthermore, unlike the provisions of LSA-R.S. 13:5107, LSA-R.S. 39:1538 does not mandate that service of citation be requested within 90 days of the filing of the petition or that the failure to do so warrants the dismissal of the action pursuant to LSA-C.C.P. art. 1672(C).
 
 See
 
 LSA-R.S. 13:5107(D). In 1996, the legislature amended Section 5107 to add Sub
 
 *481
 
 section D, providing for the request of service of citation within 90 days “of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party.”
 
 See
 
 1996 La. Acts, 1st Ex.Sess., No. 63, § 1. In 1997, the legislature enacted LSA-C.C.P. arts. 1201(C) and 1672(C) to require that service of citation be requested on all named defendants within 90 days of the commencement of the action. If the plaintiff failed to request service of citation on a named defendant, an involuntary dismissal of his/her action could result.
 
 See
 
 1997 La. Acts No. 518, which also amended and reenacted LSA-R.S. 13:5107(D) to make its language similar to that of newly enacted LSA-C.C.P. arts. 1201(C) and 1672(C).
 

 We also note the Louisiana Code of Civil Procedure requirement for service within 90 days and the corresponding dismissal for a failure to serve within 90 days is limited to “named defendants.”
 
 See
 
 LSA-C.C.P. arts. 932(A) (which refers to “service of citation on the defendant”), 1201(C) (“Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.”), and 1672(C) (“A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C)....”). The AG and the ORM are not defendants, and the department head in this matter is not a named defendant. Thus, the requirement of service and sanction of dismissal is not available.
 

 The purpose of LSA-R.S. 39:1538 is to provide notice to the AG, the ORM, and the department head that a tort action has been brought. This statute does not provide for dismissal for the failure to effectuate service. Although there is a reference in LSA-R.S. 39:1538(4) to LSA-R.S. 13:5107, based on the clear language, this is a reference to who must be served and not a reference to when service must occur or to a sanction for failure to serve timely.
 

 If the legislature had intended that the service required by LSA-R.S. 39:1538(4) be made within a certain time period, it could have amended LSA-R.S. 39:1538(4) in 1996 or 1997 to specifically provide so when it imposed the 90-day request for service requirement by enacting LSA-R.S. 13:5107(D) and LSA-C.C.P. arts. 1201(C) and 1672(C), respectively. In the absence of the legislature’s imposition of a requirement in LSA-R.S. 39:1538 similar to that found in LSA-R.S. 13:5107(D), we decline to judicially impose one.
 
 See Carter v. Duhe,
 
 05-0390 (La.1/19/06), 921 So.2d 963, 970. Since the sustaining of University’s objection regarding service of citation under LSA-R.S. 39:1538(4) would not be based on the lack of a timely request, that objection was cured by Whitley’s subsequent service of citation on the AG and ORM,
 
 [12]
 
 and University was not entitled to the dismissal of Whitley’s action pursuant to LSA-C.C.P. art. 1672(C).
 

 CONCLUSION
 

 Considering the legislature’s use of the permissive word “may” in LSA-R.S. 13:5107, we find that multiple requests for service by the plaintiff within the 90-day period are not mandatory. Therefore, timely request for service on one of the listed entities/persons was sufficient. Furthermore, although a plaintiff must serve multiple entities/persons under LSA-R.S. 39:1538(4), which applies to tort actions against the state and its agencies, that statutory provision does not require that the plaintiff make service (or request that service be made) within a certain time
 
 *482
 
 period or provide for dismissal. Therefore, an objection of insufficiency of service based on LSA-R.S. 39:1538(4) can be cured by subsequent service on those entities/persons not previously served. Accordingly, Whitley’s request for service initially on University through Mr. West and subsequent service on the AG and ORM was sufficient to satisfy the service requirements of LSA-R.S. 13:5107 and LSA-R.S. 39:1538(4).
 

 DECREE
 

 For the foregoing reasons, the court of appeal’s decision is affirmed. This matter is remanded to the trial court for further proceedings.
 

 AFFIRMED AND REMANDED.
 

 [2]
 

 . At the conclusion of the proceeding before the medical review panel, the panel found that nothing in the record indicated that University or its employees deviated from the applicable standard of care. The panel further found that Whitley had been properly monitored following the automobile accident and that there was "no indication that the auto accident caused the complication of pregnancy,
 
 i.e.,
 
 placental abruption.”
 

 [3]
 

 .
 
 See
 
 1966 La. Acts No. 284, § 1.
 

 [4]
 

 . Although
 
 Barnett v. Louisiana State University Medical Center-Shreveport,
 
 02-2576 (La.2/7/03), 841 So.2d 725, 726, has been cited by litigants and at least two panels of one appellate court for the proposition that LSA-R.S. 13:5107(A) clearly mandates that service of citation on a state agency must be made on the AG and on the agency head for the department against which the action is filed, this court did not reach that issue in
 
 Barnett
 
 since the request for service did not provide the state agency's correct agent for service of process.
 

 [5]
 

 .As previously noted,
 
 Burnett
 
 is currently pending before this court and, although consolidated for oral argument with this action, is the subject of a separate opinion.
 

 [6]
 

 . We note the use of the mandatory word "shall.”
 

 [7]
 

 . We note the change to the permissive word "may.”
 

 [8]
 

 . In the context of venue, this court has recognized that "the permissive 'may' and the mandatory ‘shall’ have often been interchanged.”
 
 Underwood v. Lane Memorial Hosp.,
 
 97-1997 (La.7/8/98), 714 So.2d 715, 717. The logic underlying such a recognition in the context of venue was thoroughly discussed in
 
 Underwood,
 
 714 So.2d at 717-18.
 
 See Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd.,
 
 06-1104
 
 *478
 
 (La. 1/17/07), 947 So.2d 15, 18-22. This concept is an exception to the general rule that "[t]he word 'shall' is mandatory and the word 'may' is permissive” and has not been juris-prudentially extended to other areas.
 
 See
 
 LSA-R.S. 1:3.
 

 [9]
 

 . Subsection (D)(2) was amended by 2010 La. Acts No. 55, § 1, to provide:
 

 If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
 

 [10]
 

 . The term "claims” as used in LSA-R.S. 39:1538 refers to only those claims, including medical malpractice, covered by the Self-Insurance Fund in accordance with Chapter 16-A titled "Insurance” in Title 39 of the Louisiana Revised Statutes governing public finance.
 
 See
 
 LSA-R.S. 39:1527(1); LSA-R.S. 39:1539.
 

 [11]
 

 .
 
 See
 
 LSA-C.C.P. arts. 252, 925, and 1231 which indicate a distinction between service of process and service of citation.
 

 [12]
 

 .
 
 See
 
 LSA-C.C.P. art. 932 (pertaining to the effect of sustaining a declinatory exception).