# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 18-961


**TYRONE DORSEY**

**VERSUS**

**SERGEANT TODD MOSES, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

SUPERVISORY WRIT FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2018-5821
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY H. EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.


**WRIT GRANTED AND MADE PEREMPTORY; CASE REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS AS SET FORTH IN THIS OPINION.**

**Donna U. Grodner**
**Grodner Law Firm**
**2223 Quail Run, B-1**
**Baton Rouge, LA 70808**
**(225) 769-1919**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Tyrone Dorsey**

**David E. Boraks**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Litigation Division**
**900 Murray St., Suite B-100**
**Alexandria, LA 71301**
**(318) 487-5944**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **State of Louisiana, Department of Public Safety and Corrections**
    **Raymond Laborde Correctional Center**

**EZELL, Judge.**

Relators, the State of Louisiana, Department of Public Safety and Corrections (DOC) and Raymond Laborde Correctional Center, seek supervisory writs from the judgment of the Twelfth Judicial Court, Parish of Avoyelles, which denied Relators' exception of insufficiency of service of process.

## STATEMENT OF THE CASE

This case arises out of an automobile accident which occurred on Interstate 10 in Baton Rouge, Louisiana, on November 20, 2017. Tyrone Dorsey was a passenger in a van owned by Raymond Laborde Correctional Center. Sergeant Todd Moses was driving the van. As Sergeant Moses attempted to change lanes, the van collided with the rear end of the vehicle traveling in front of it. As a result of the accident, Mr. Dorsey filed a personal injury lawsuit against Sergeant Moses, and Relators herein, the DOC and Raymond Laborde Correctional Center.

Mr. Dorsey requested service of the petition on Relators via service on the "Office of Risk Management through the Governor's Office through the Attorney General and Attorney General through Honorable Jeff Landry." Relators filed an exception of insufficiency of service of process. The trial court denied the exception, and Relators now seek review of that ruling.

## SUPERVISORY RELIEF

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La.[Code Civ.P.] arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933.

## INSUFFICIENCY OF SERVICE OF PROCESS

Relators assert that the trial court erred when it denied their exception of insufficiency of service of process. In support of their argument, Relators cite La.R.S. 39:1538[1] (emphasis added), which provided at the time suit was filed:

(1) Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter. However, immunity for discretionary acts of executive, legislative, and judicial officers within the scope of their legally defined powers shall not be abridged.

(2) The state and its agencies shall be liable for claims in the same manner and to the same extent as a private individual under like circumstances.

(3) A judgment may be settled in accordance with R.S. 39:1535(B)(6).

(4) In actions brought pursuant to this Section, **process shall be served upon the head of the department concerned, the office of risk management, and the attorney general**, as well as any others required by R.S. 13:5107. However, there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.

Relators assert that because La.R.S. 39:1538(4) uses the mandatory word "shall" and the conjunctive word "and", the statute mandates that in actions brought against the State to recover money damages in torts, service of process must be made on all of the following agents for service of process: 1) the head of the department concerned; 2) the Office of Risk Management (ORM); and 3) the Attorney General. Relator notes that La.Civ.Code art. 9 provides "[w]hen a law is

---

[1] Louisiana Revised Statutes 39:1538 was amended by Acts 2018, No. 627, § 1, to add an additional paragraph regarding final judgments against the State which remain unpaid.

clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and not further interpretation may be made in search of the intent of the legislature." Relators maintain that since La.R.S. 39:1538(4) is clear and unambiguous regarding the service of process requirements for tort suits against the State, the statute should be interpreted and enforced as written. As such, Relators contend that service of process should have been made on the head of the DOC, the ORM, and the Attorney General. Relators assert that the ORM does not accept service of process "through the attorney general", as suggested by Plaintiff's service instructions. Thus, Relators argue that the attempt to serve the ORM through the Attorney General was improper.

In his opposition to the instant writ application, Mr. Dorsey asserts that the trial court properly denied the exception of insufficiency of process. Plaintiff contends that Relators take the position that the service requirements set forth in Title 39 of the Louisiana Revised Statutes, which is entitled "Public Finance," applies to this case. However, Mr. Dorsey takes the position that this case is governed by the service requirement set forth in Title 13, which is entitled, "Courts and Judicial Procedure." Louisiana Revised Statutes 13:5107(A) provides:

> 1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

> (2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the

3

requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.

In *Burnett v. James Construction Group*, 10-2608 (La. 7/1/11), 66 So.3d 482, the supreme court observed that service on the attorney general satisfies the service requirements of La.R.S. 13:5107(A). The supreme court recognized in *Whitley v. State, through the Board of Supervisors of Louisiana State University Agricultural Mechanical College*, 11-40 (La. 7/1/11), 66 So.3d 470, that the service of process requirements under La.R.S. 39:1538, addressing funding for the State's liabilities for money damages arising from tort suits, extend to tort claims in general and are not limited to those claims that have been litigated and a money judgment has been entered against the State or a state agency.

Accordingly, La.R.S. 39:1538(4) applies to this tort action. Mr. Dorsey claims that even if La.R.S. 39:1538(4) applies to this case, a single citation on the Attorney General constitutes proper service on the head of the department involved, the ORM, and the Attorney General. Mr. Dorsey notes that both the Attorney General and James LeBlanc, the secretary of the DOC, were issued citation and service. The supreme court has held that service at a minimum under La.R.S. 39:1538(4) is required on the head of the department concerned, the ORM, and the Attorney General. Failure to effect service on any of these parties is insufficient service of process. Therefore, Mr. Dorsey's failure to effect service on the ORM entitled the Relators to have their declinatory exception of insufficiency of service of process sustained by the trial court.

4

However, as noted by the supreme court, "[t]he purpose of [La.R.S.] 39:1538 is to provide notice to the AG, the ORM, and the department head that a tort action has been brought." *Whitley*, 66 So.3d at 481. Louisiana Revised Statutes 39:1538 "does not provide for dismissal for the failure to effectuate service." *Id.* "Although there is a reference in [La.R.S.] 39:1538(4) to [La.R.S.] 13:5107, based on the clear language, this is a reference to who must be served and not a reference to when service must occur or to a sanction for failure to serve timely." *Id.* "Therefore, an objection of insufficiency of service based on [La.R.S.] 39:1538(4) can be cured by subsequent service on those entities/persons not previously served." *Id.* at 482.

We find that the trial court erred in denying Relators' exception of insufficiency of service of process and grant Relators' writ application. However, since the grounds for the objection, the failure to serve the ORM, can be cured by Mr. Dorsey requesting and obtaining service of process on the ORM, we remand the case to the trial court to allow Mr. Dorsey a reasonable amount of time, to be set by the trial court on remand of this matter, in which to cure the defect in service.

**WRIT GRANTED AND MADE PEREMPTORY; CASE REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS AS SET FORTH IN THIS OPINION.**