Judgment rendered April 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,433-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MARY SUE WILSON                              Plaintiff-Appellant

versus

STATE OF LOUISIANA,                          Defendant-Appellee
DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS,
ET AL

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 611992

Honorable Michael A. Pitman, Judge

* * * * *

MARY SUE WILSON                              In Proper Person,
                                             Appellant


JEFFREY M. LANDRY                            Counsel for Appellees'
Attorney General                             State of Louisiana, Dept.
                                             of Public Safety and
WILLIAM DAVID COFFEY                         Corrections, Louisiana
DANIEL R. EWING                              State Police, and Clifford
Special Assistant Attorney Generals          Worthington

* * * * *

Before WILLIAMS, McCALLUM, and THOMPSON, JJ.

**McCALLUM, J.**

On October 10, 2018, Mary Wilson filed a *pro se* lawsuit against the Louisiana Department of Public Safety, Louisiana State Police ("State Police"), and State Police Trooper Clifford Worthington.[1]  She alleged that she suffered injuries to her hands, arms, and shoulder when Trooper Worthington handcuffed her while she was being arrested on October 11, 2017.  There was no request for service with the petition.

Wilson attached an *in forma pauperis* affidavit to the petition seeking to proceed without the prepayment of court costs.  A note later affixed to the first page of the petition stated: "Judge Brun denied the Petition as presented.  Pauper status was not considered.  10-11-2018."  According to Wilson, she received notice by mail on December 15, 2018, that pauper status was denied.

On January 2, 2019, Wilson filed a "notice of appeal" of the denial.  Upon reconsideration, pauper status was granted on January 15, 2019, by a different trial judge.  Later that month, Wilson apparently learned from an attorney not involved in this case that her pauper status had been granted.  It was not until March 26, 2019, that she received written notice of her pauper status.

On February 5, 2019, Wilson requested service on the Department of Public Safety, the State Police, and Trooper Worthington at a Bossier City address.  On that same date, she also requested service on the State Police at its headquarters in Baton Rouge.

---

[1] Although Wilson used a *pro se* form for suits filed in federal district court, this lawsuit was filed in the Louisiana First Judicial District Court.

On March 22, 2019, Assistant Attorney General Daniel Ewing filed the exception of insufficiency of service of process on behalf of the State of Louisiana through the Department of Public Safety and Corrections, the State Police, and Trooper Worthington. The defendants argued that Wilson's petition should be dismissed without prejudice because she failed to timely request service on the Office of Risk Management ("Risk Management") and on the Attorney General as required under La. R.S. 13:5107(A) and La. R.S. 39:1538(D).

La. R.S. 39:1538 governs claims against the State of Louisiana or any of its agencies to recover damages in tort. When an action is brought pursuant to this statute, "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107." La. R.S. 39:1538(D).

La. R.S. 13:5107(A)(2) requires that service shall be requested upon the Attorney General within 90 days of filing suit. Furthermore, La. R.S. 13:5107(D)(1) states, in part:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party.

After the exception was filed, Wilson attempted to serve Risk Management by faxing a copy of the petition to its office. She also attempted service on the Attorney General by requesting service on Assistant Attorney General Ewing in April of 2019. The defendants contended at the hearing on the exception that Wilson did not timely request

2

service on the Attorney General or on Risk Management after pauper status was granted.

The trial court sustained the exception and dismissed Wilson's lawsuit without prejudice. Wilson appealed.

## DISCUSSION

On appeal, the trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. *Johnson v. Brown*, 2003-0679 (La. App. 4 Cir. 6/25/03), 851 So. 2d 319; *Pylant v. Jefferson Parish, State of La. Dept. of Health & Hosp.*, 05-148 (La. App. 5 Cir. 6/28/05), 907 So. 2d 807, *writ denied*, 05-1992 (La. 3/17/06), 925 So. 2d 537. However, when the facts are not disputed and the issue before this court is whether the district court properly interpreted and applied the law, the standard of review for questions of law is simply a review of whether the district court was legally correct or incorrect. *See Lathan Co., Inc. v. Division of Admin.*, 2017-0396 (La. App. 1 Cir. 1/24/19), 272 So. 3d 1, *writ denied*, 19-0331 (La. 4/29/19), 268 So. 3d 1036.

La. C.C.P. art. 1201(C) requires that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." La. C.C.P. art. 1672(C) states:

> A judgment dismissing an action without prejudice shall be
> rendered as to a person named as a defendant for whom service
> has not been requested within the time prescribed by Article
> 1201(C) or 3955 upon the sustaining of a declinatory exception
> filed by such defendant, or upon contradictory motion of any
> other party, unless good cause is shown why service could not
> be requested, in which case the court may order that service be
> effected within a specified time.

La. R.S. 13:5107(A) sets forth how citation and service may be obtained in suits against the State of Louisiana or a state agency:

3

A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.

La. R.S. 13:5107(D) specifically requires that service of citation be requested within 90 days of the filing of the pleading naming a governmental defendant. *Naquin v. Titan Indem. Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704. That Subsection states:

D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom

4

service was not requested within the period required by Paragraph (1) of this Subsection.

(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

In *Whitley v. State ex rel. Bd. of Sup'rs of La. State Univ. Agr. Mech. Coll.*, 11-0040 (La. 7/1/11), 66 So. 3d 470, a medical malpractice action was brought against LSU. Service was initially requested only on the chairman of the LSU Board of Supervisors. Over two years later, a copy of the citation and petition was faxed to the Attorney General and Risk Management. The issue before the Louisiana Supreme Court in *Whitley* was whether the request for service on LSU alone was sufficient or whether service on the Attorney General or Risk Management was also required.

The *Whitley* court first examined La. R.S. 13:5107 and concluded that the request for service on LSU satisfied the requirements of La. R.S. 13:5107(A) and (D).[2] The *Whitley* court then considered whether LSU was entitled to dismissal of the claim pursuant to La. C.C.P. art. 1672(C) because of the claimant's failure to serve the Attorney General and Risk Management, as required by La. R.S. 39:1538, within 90 days of bringing the action.

---

[2] As recognized by the *Whitley* court, at the time the lawsuit was filed and judgment was rendered by the trial court, La. R.S. 13:5107(D)(2) stated that if service was not requested within the specified time, the action would be dismissed without prejudice "as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served." The quoted language in the prior sentence was amended by Act 55 of 2010 to now read, "as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection."

The *Whitley* court noted that La. R.S. 39:1538(D)[3] clearly requires that service of process be made on the department head, Risk Management, and the Attorney General. As such, Whitley's failure to effect service on the Attorney General and Risk Management would have entitled LSU to have its exception of insufficiency of service of process sustained. Nevertheless, LSU would not have been entitled to have Whitley's action dismissed. As explained by the Supreme Court:

> The purpose of LSA-R.S. 39:1538 is to provide notice to the AG, the ORM, and the department head that a tort action has been brought. This statute does not provide for dismissal for the failure to effectuate service. Although there is a reference in LSA-R.S. 39:1538(4) to LSA-R.S. 13:5107, based on the clear language, this is a reference to who must be served and not a reference to when service must occur or to a sanction for failure to serve timely.
>
> If the legislature had intended that the service required by LSA-R.S. 39:1538(4) be made within a certain time period, it could have amended LSA-R.S. 39:1538(4) in 1996 or 1997 to specifically provide so when it imposed the 90-day request for service requirement by enacting LSA-R.S. 13:5107(D) and LSA-C.C.P. arts. 1201(C) and 1672(C), respectively. In the absence of the legislature's imposition of a requirement in LSA-R.S. 39:1538 similar to that found in LSA-R.S. 13:5107(D), we decline to judicially impose one.

*Whitley*, 11-0040 at pp. 17-18, 66 So.3d at 481.

In the legislative session following the *Whitley* decision, La. R.S. 13:5107(A)(2) was added by Act 770 of 2012. It required that service shall be requested upon the Attorney General within 90 days of filing suit. The language now found in Subsection (A)(1) was not changed.

Wilson complied with La. R.S. 13:5107(D)(1) when she requested service on the named defendants (the Department of Public Safety, the State Police, and Trooper Worthington) within 90 days of being notified that

---

[3] La. R.S. 39:1538(D) was then designated as La. R.S. 39:1538(4).

6

pauper status had been granted. Interestingly, Assistant Attorney General Ewing told the trial court at the exception hearing that the petition was backdated as filed October 10, 2018. This apparently occurred after pauper status was granted.

La. R.S. 13:5107(A)(2) required that Wilson request service upon the Attorney General within 90 days of filing suit. That was not done in this matter. However, there is no adverse consequence found within La. R.S. 13:5107(A)(2) for the failure to request timely service upon the Attorney General.

La. R.S. 13:5107(D)(2) does set forth an adverse consequence for the failure to request service. However, that is in reference to the failure to comply with (D)(1):

> If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

La. R.S. 13:5107(D)(2). *See Lathan*, *supra*. As noted earlier, Wilson complied with (D)(1) when she requested service on the named defendants.

Moreover, triggering the sanction found in La. R.S. 13:5107(D)(2) would have no effect in this instance. La. C.C.P. art. 1672(C) states that "[a] judgment dismissing an action without prejudice shall be rendered as to a *person named as a defendant for whom service has not been requested* within the time prescribed by Article 1201(C)[.]" Emphasis added. La. C.C.P. art. 1201(C) requires that service of the citation shall be requested on "*all named defendants* within ninety days of commencement of the action."

7

Emphasis added. Neither the Attorney General nor Risk Management is a named defendant in this matter. The *Whitley* court noted the roles of the Attorney General and of Risk Management in litigation of this sort. The Attorney General is the chief legal officer of Louisiana. La. Const. art. IV, §8. La. R.S. 39:1535 sets forth the duties and responsibilities of the Commissioner of Administration through Risk Management when managing tort claims made against the state or a state agency.

La. R.S. 39:1538(D) required that process shall be served on the Attorney General and Risk Management in this matter. Notably, that provision addresses *service* and not a *request for service*. More importantly for our purposes, La. R.S. 39:1538 does not provide a time constraint on the required service or provide for dismissal for the failure to effectuate service. *Whitley*, *supra*; *Burnett v. James Const. Group*, 2010-2608 (La. 7/1/11), 66 So. 3d 482. Accordingly, the trial court properly sustained the defendants' exception of insufficiency of service of process due to Wilson's failure to even request service on the Attorney General and Risk Management. However, the trial court erred in dismissing Wilson's petition as those grounds for objection can be cured by Wilson requesting and obtaining service on the Attorney General and Risk Management.

We are obliged to follow the guidance offered by the Supreme Court in *Whitley*. In the interim since *Whitley*, the legislature has had ample opportunity to provide a penalty for failure to properly serve the Attorney General within 90 days of filing an action. The legislature has not chosen to do so, and in the absence of the legislature's imposition of such a penalty, this court declines to judicially compose one.

## CONCLUSION

We affirm that part of the judgment sustaining the exception.  We reverse that part of the judgment dismissing Wilson's lawsuit.  This matter is remanded to the trial court to allow Wilson a reasonable period of time to request and obtain service on both the Attorney General of Louisiana and on the Office of Risk Management.  Defendants are ordered to pay appeal costs of $485.00.