NOT DESIGNATED FOR PUBLICATION

| | | |
|---|---|---|
| **STATE OF LOUISIANA IN THE INTEREST OF N.T.** | * | **NO. 2025-C-0415** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
JUVENILE COURT ORLEANS PARISH
NO. 2025-082-09-DQ-F, SECTION "F"
Honorable Ranord J Darensburg,
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Tiffany Gautier Chase)

JASON R. WILLIAMS
District Attorney
Parish of Orleans
BRAD SCOTT
Assistant District Attorney
619 South White Street
New Orleans, LA 70119


      COUNSEL FOR RELATOR

Radha Yerramilli
1100 Milton Street, Suite B
New Orleans, LA 70122


      COUNSEL FOR RESPONDENT


**WRIT GRANTED;
RELIEF DENIED**

**JULY 31, 2025**

Relator, State of Louisiana ("the State"), seeks supervisory review of the juvenile court's April 7, 2025 judgment, which granted the *Motion to Release* filed on behalf of Respondent, N.T.[1] The juvenile court granted N.T.'s motion based on the State's failure to bring the juvenile to appear to answer the petition of delinquency (the "petition") within five days of the filing of a petition, as mandated by La. Ch.C. art. 854(A).[2] On May 23, 2025, the State filed a *Motion to Correct Judgment*, requesting the juvenile court correct the record to indicate that the State lacks authority to order a juvenile to appear to answer the petition—

---

[1] Throughout this opinion we will use the initials of the minor child in order to protect the child's identity, pursuant to Uniform Rules—Courts of Appeal, Rule 5-2:

> To protect the minor's identity and to ensure the confidentiality of a minor who is a party to or whose interests are the subject matter in the proceedings listed in Rule 5-1(a) or (c) above, initials shall be used in all filings and in opinions rendered by the Court of Appeal.

[2] Louisiana Children's Code article 854 provides:

> A. If the petition is filed prior to or during the hearing to determine continued custody, the court may order the child to answer the petition upon completion of the hearing. If not so ordered and the child is continued in custody, he shall be ordered to appear to answer the petition within five days after the filing of the petition.

> B. In all other cases, the child shall be ordered to appear to answer the petition within fifteen days after the filing of the petition.

> C. For good cause, the court may extend such period.

1

which the juvenile court denied on July 8, 2025. For the reasons that follow, we grant Relator's writ, but deny the requested relief.

**PROCEDURAL HISTORY**

N.T. was detained and held at the Juvenile Justice Intervention Center on March 23, 2025. On March 24, 2025, the State accepted several criminal charges against N.T., the substance of which is not pertinent to our review. Also on March 24, the juvenile court held a continued custody hearing where both N.T. and his mother were present. Shortly thereafter, on March 26, 2025, the State filed the petition against N.T. Thirteen days later, on April 7, 2025, the juvenile court held an answer hearing, where N.T. appeared represented by counsel. At that hearing, counsel for N.T. waived the reading of the petition and entered a general denial on N.T.'s behalf. On that same day, N.T.'s counsel filed a motion for immediate release, arguing that because the answer hearing had not been held within five days of the filing of the petition, as mandated by La. Ch.C. art. 854(A), N.T. was entitled to be released. After the hearing, the court issued a written judgment: (1) noting and accepting that counsel for N.T. waived the reading of the petition and entered a general denial on N.T.'s behalf; (2) ordering that N.T. be released pursuant to La. Ch.C. art. 854(A); (3) expressing that "the Court objects for the State's failure to follow [La. Ch.C.] [a]rt. 854A;" and (4) setting pre-trial hearing and adjudication dates. Some five weeks later, on May 23, 2025, the State filed a *Motion to Correct Judgment*, asserting that it was compulsory for the court—not the State—to issue an order for the child to appear at an answer hearing. At a July 8, 2025 hearing on the State's *Motion to Correct Judgment*, the juvenile court judge again took the position that it was not the responsibility of that court to timely set the answer hearing, but that it was incumbent upon the State to file a

2

motion to set the hearing. The State timely filed an application for supervisory writ to this Court.

## DISCUSSION

"An appellate court reviews a question of law, including the proper interpretation of a statute, under the *de novo* standard of review, thereby giving no deference to the trial court's interpretation of same." *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 24-0401, p. 10 (La. App. 4 Cir. 1/31/25), 408 So.3d 291, 299 (citing *Commodore v. City of New Orleans*, 19-0127, p. 9 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 465-66). This Court has explained that "[t]he starting point in the interpretation of any statute is the language of the statute itself." *Lepine v. Dep't of Wildlife & Fisheries*, 22-0160, p. 5 (La. App. 4 Cir. 10/5/22), 350 So.3d 988, 992 (quoting *Whitley v. State ex rel. Bd. of Sup'rs of La. State Univ. Agric. Mech. Coll.*, 11-0040, p. 6 (La. 7/1/11), 66 So.3d 470, 474). "It is axiomatic that when statutory language is troublesome, i.e. ambiguous, it falls to the courts to parse their meaning." *Id.* "As the Supreme Court articulated in *Pierce Founds., Inc. v. Jaroy Const., Inc.*, 15-0785, p. 6 (La. 5/3/16), 190 So.3d 298 at 303, '[l]egislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent.'" *Id.* *See also* La. R.S. 24:177(B)(1). "However, '[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.'" *Id.*, at p. 6, 350 So.3d at 992 (quoting La. C.C. art. 9). "Similarly, '[w]hen the wording of a section of the revised statutes is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.'" *Id.* (quoting *Whitley*, 11-0040, p. 6, 66 So.3d at 474). "Words

3

and phrases shall be read with their context and shall be construed according to the common and approved usage of the language." Id. (quoting La. R.S. 1:3). "Nevertheless, '[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.'" *Id.* (quoting La. C.C. art. 10). "Additionally, '[w]hen the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.'" *Id.* (quoting La. C.C. art. 12). With these precepts in mind, we will discuss the interpretation and application of the statute at issue.

Louisiana Children's Code article 854 is silent with regard to who specifically issues the order for the child to appear. However, considering the provisions of Section A of the article, the plain language presumes the responsibility remains with the court to order the juvenile to appear. The first sentence of Section A provides that "the court may order," indicating that the court is granted permissive authority if the petition is filed during or prior to the custody hearing. Correspondingly, the very next sentence states that the juvenile "shall be ordered," if not ordered and the minor is in continued custody.[3] Once again, although the statute does not explicitly provide which party is responsible for ordering the child to appear to answer a petition of delinquency, the article's context and plain language contemplates that the court—previously identified as the acting authority—is charged with this responsibility.[4] Thus, the juvenile

---

[3] The word "shall" is mandatory, and the word "may" is permissive. La. Ch.C. art. 107.

[4] Notably, several codal articles assign responsibility to the juvenile court in delinquency proceedings: La. Ch.C. art. 855(A) mandates the court to "determine that the child is capable of understand statements about his rights under the Code;" (2) La. Ch.C. art. 855(B) mandates the court to advise the child of various aspects of the juvenile proceedings, including the nature of the delinquency proceeding and the allegations of the petition, the range of answers to the

court's observation that the statute does not state who is responsible is only correct when considered in isolation. This conclusion is further supported by Section C of La. Ch.C. art. 854, which allows that the court may extend that period for good cause. It is well settled that "courts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *Council of City of New Orleans v. Donation*, 23-01106, p. 8 (La. 3/22/24), 382 So.3d 27, 33. Accordingly, we find that the juvenile court—not the State—is statutorily mandated to order a juvenile to appear to answer a petition of delinquency.

Next, the State requests that we order the court to order the juvenile to appear to answer the petition. However, in this instance, as the juvenile court noted in its *Answer Judgment* and as acknowledged by the State in its *Motion to Correct Judgment*, an answer hearing was held on April 7, 2025, at which N.T.'s counsel waived the reading of the petition and entered a general denial on his behalf. The State has provided no law or rationale as to why a *second* answer hearing is now required. Consequently, we deny the State's request that this Court order the juvenile court to hold a second answer hearing.

## DECREE

For all the foregoing reasons, Relator's writ is granted, but the requested relief is denied.

**WRIT GRANTED;**
**RELIEF DENIED**

---

petition that the child can make, and the right to an adjudication hearing; (3) La. Ch.C. art. 854(B) mandates the juvenile court to hold such a hearing to determine whether good cause exists for the failure of Minor "to appear to answer the petition within fifteen days after the filing of the petition." (cited in *State in Interest of G.S.,* 2019-0605 (La. App. 4 Cir. 12/4/19), 287 So.3d 752).