STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-971

CHARLES CUTLER

VERSUS

STATE OF LA, DEPT. OF PUBLIC SAFETY & CORRECTIONS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 245,949
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

**Judith M. Williams**
**Assistant Attorney General**
**429 Murray Street – 4th Floor**
**P. O. Box 1710**
**Alexandria, LA 71309-1710**
**Telephone:  (318) 487-5944**
**COUNSEL FOR:**
        **Defendant/Appellee - State of LA, Dept. of Public Safety & Corrections**

**Charles Cutler**
**Richwood Correctional**
**180 Pine Bayou Circle**
**Monroe, LA 71202**
**Telephone:  (318) 449-4360**
        **Plaintiff/Appellant**

**THIBODEAUX, Chief Judge.**

Charles Cutler appeals the trial court's judgment granting an Exception of Insufficiency of Service of Process and dismissing his personal injury suit against the State of Louisiana, Department of Public Safety and Corrections, following a vehicular accident. We affirm the trial court's judgment.

I.

## ISSUES

We must decide whether the trial court erred in dismissing the plaintiff's petition without prejudice for insufficient service of process.

II.

## FACTS AND PROCEDURAL HISTORY

Charles Cutler was a prisoner of the Louisiana Department of Public Safety and Corrections (DPSC) and was housed with the Rapides Parish Sheriff's Work Release Program Department at the time of the accident on November 15, 2011. Mr. Cutler and other prisoners were working on the Alexandria airport grounds and traveling in a transport van when the van was struck by the driver of a Jeep, who had run a stop sign. Several prisoners were treated for injuries. Mr. Cutler settled with the driver of the Jeep and disclosed the amount of the settlement as $1,000.00. On November 7, 2012, Mr. Cutler filed this suit in Rapides Parish alleging fault against the DPSC for the collision.

The Clerk of Court returned Mr. Cutler's petition to him for failure to include an order, and then the court denied his in forma pauperis petition. Mr. Cutler paid the filing fee and requested service on the Office of Risk Management

only, at 1201 N. 3rd Street in Baton Rouge. The Office of Risk Management was served. The Attorney General received the assignment, and the case was transferred to the Alexandria office of the Attorney General. After conducting an investigation, the Attorney General's office filed a Declinatory Exception of Improper Service on behalf of the DPSC.

In response to the exception, Mr. Cutler argued that he had relied upon a 2008 representation by the Attorney General's office in Lake Charles in a suit that he had filed in Calcasieu Parish against the parole board in a criminal matter. The five-year-old Calcasieu suit was not in the possession of the Rapides agency defendant in this matter.

The trial court granted the DPSC's exception and dismissed Mr. Cutler's civil suit without prejudice.

III.

## STANDARD OF REVIEW

Questions of law are reviewed de novo. *City of Bossier City v. Vernon*, 12-78 (La. 10/16/12), 100 So.3d 301. An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). The manifest error standard of review applies to a trial court's dismissal of a suit for failure to request proper and timely service; however, the requirement that good cause be shown as to why service could not be requested is strictly construed. La.Code Civ.P. art. 1672(C); *Burgo v. Henderson*, 12-332 (La.App. 3 Cir. 12/19/12), 106 So.3d 275.

# IV.

## LAW AND DISCUSSION

On appeal, Mr. Cutler argues that the trial court erred in not following *Whitley v. State Board of Supervisors*, 11-40 (La. 7/1/11), 66 So.3d 470, for the proposition that service on the Office of Risk Management is proper service under La.R.S. 13:5107. He further argues that the Attorney General wrongfully withheld the proper physical address for service, and that the trial court erred in not finding that Mr. Cutler had shown good cause for the improper service. We find no error on the part of the trial court.

*Whitley* is not applicable. Effective June 2012, prior to Mr. Cutler's November 2012 accident, La.R.S. 13:5107 was amended. The amendment designated paragraph A as A(1) and added paragraph A(2). It provides in pertinent part (emphasis added):

> § 5107. Service of citation and process
>
> A. (1) *In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state,* and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
>
> (2) *Service shall be requested upon the attorney general within ninety days of filing suit.* This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). *However, the duty of the defendant*

3

*served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.*

. . . .

D. (1) *In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action* or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

(2) *If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C),* as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

Mr. Cutler requested service only upon the Office of Risk Management. He never requested service on the Attorney General or on the defendant agency, DPSC. Further, there is no merit to Mr. Cutler's argument that the Attorney General deliberately concealed its physical address by using a post office box on its letterhead. Such physical addresses are a matter of public record. Nor was Mr. Cutler deliberately misled by relying on an old case he had filed in another jurisdiction. Likewise, there is no merit to his arguments in the record that he could not find the proper address because he was incarcerated and the prison library was below standard. Mr. Cutler has not shown "good cause" for improper

4

service under La.Code Civ.P. art. 1672(C) within the ninety days prescribed by La.Code Civ.P. art. 1201(C) and La.R.S. 13:5107, which is his burden to establish.

In *Burgo v. Henderson*, 12-332 (La.App. 3 Cir. 12/19/12), 106 So.3d 275, we found that an inmate who filed suit for damages against the DPSC failed to show good cause why he could not request service within ninety days of the commencement of his action where his only explanation was that State agents created impediments by withholding the addresses of those entities. Under the same statutes, we found that mere confusion over a party's proper service information was not sufficient to show good cause for improper and untimely service; nor was inadvertence on the part of the plaintiff's counsel; nor was the plaintiff's allegation that his incarceration excused his failure to obtain proper service information.

V.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Charles Cutler.

**AFFIRMED.**