# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-450


**SHANDI THIBODEAUX**

**VERSUS**

**MCNEESE STATE UNIVERSITY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-3899
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Jonathan W. Perry, and Ledricka J. Thierry, Judges.


**REVERSED AND REMANDED WITH INSTRUCTIONS.**

**Jeff Landry**
**Attorney General**
**Jennie P. Pellegrin**
**Neuner Pate**
**1001 West Pinhook Road**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **McNeese State University**

**E. Jacob Colonna**
**Colonna Law Firm, LLC**
**900 Ryan Street, Suite 402**
**Lake Charles, LA 70601**
**(337) 656-3212**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Shandi Thibodeaux**

**PICKETT, Judge.**

The plaintiff appeals the trial court's judgment granting the attorney general's exception of improper citation and service and dismissing all her claims for wrongful termination against the university where she was formerly employed. For the following reasons, we reverse the trial court's judgment.

## FACTS

On November 12, 2020, Shandi Thibodeaux filed suit against McNeese State University, alleging she was wrongfully terminated from her position as librarian. Ms. Thibodeaux named the Board of Supervisors of the University of Louisiana System through McNeese State University as defendant and directed that citation and service be made on McNeese at the address stated in the petition. Ms. Thibodeaux entered a preliminary default against McNeese on June 29, 2021. On August 24, 2021, the Louisiana Attorney General (AG) enrolled as counsel and filed declinatory exceptions of insufficient service and/or service of process, lack of personal jurisdiction, and dilatory exceptions of lack of subject-matter jurisdictin, prematurity, and vagueness/ambiguity.

On January 26, 2022, the trial court conducted a hearing on the AG's exceptions and granted his declinatory exception of insufficient citation and/or service of process and dismissed Ms. Thibodeaux's claims. The trial court determined the remaining exceptions were rendered moot by that determination. Ms. Thibodeaux appeals the trial court's judgment.

## ASSIGNMENT OF ERROR

Ms. Thibodeaux assigns error with the trial court's granting the exception of insufficient citation and/or service of process. She asserts this error presents three issues for our review:

(1) Whether the trial court erred in holding that La. Rev. Stat. Ann. § 13:5107 requires that service be requested within 90 days on the Louisiana Attorney General, or can service be requested within the requisite time period on "any other officer or person" or "officer through which or through whom suit is to be filed", specifically that service may be requested on the department, board, commission, or agency head within the 90-day time limit of the statute?

(2) Whether the trial court erred in holding that service on an executive officer "or any employee of suitable age and discretion", pursuant to Code of Civil Procedure article 1265, is suitable to satisfy the service requirements of La. Rev. Stat. Ann. § 13:5107(A)(1) and/or La. Rev. Stat. Ann. § 13:5107 (D)(1)[?]

(3) Does La. Rev. Stat. Ann. § 13:5107(D)(2) permit dismissal of a suit brought against the state, a political subdivision, and/or state agency if the petitioner fails to request service on the Louisiana Attorney General pursuant to La. Rev. Stat. Ann. § 13:5107(A)(2), or does La. Rev. Stat. Ann. § 13:5107(D)(2) only prohibit dismissal if the requirements of La. Rev. Stat. Ann. § 13:5107(D)(1) are not met?

**DISCUSSION**

When "the facts are not disputed, the ruling on exceptions of insufficiency of citation and service of process is subject to a *de novo* standard of review." *Brown v. Chesson*, 20-730, p. 2 (La. 3/24/21), 315 So.3d 834, 836. Furthermore, the exceptions at issue require an interpretation of La.R.S. 13:5107 and La.R.S. 39:1538 in light of the facts at issue which present "a question of law subject to *de novo* review." *Id.*

In his exception of improper citation and service, the AG asserts Ms. Thibodeaux's claims should be dismissed because she failed to comply with the service requirements of La.R.S. 13:5107 and La.R.S. 39:1538 for suits filed against a state defendant. The AG first urges La.R.S. 13:5107(A)(2) and (D)(2) require Ms. Thibodeaux's suit be dismissed without prejudice because she did not request service of citation and process on McNeese through the Board of Supervisors, him, and the Office of Risk Management (ORM). Counsel for the AG admitted at the

2

hearing on the exceptions, Ms. Thibodeaux properly requested and obtained service on McNeese.

Louisiana Revised Statutes 13:5107 (emphasis added) states, in pertinent part:

(A)(1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(2) *Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C).* However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.

. . . .

D. (1) *In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action* or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(2) *If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice,* after contradictory motion as provided in Code of Civil Procedure Article 1672(C*), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

The AG's exception is rooted in the 2012 amendment to La.R.S. 13:5107 which added Subsection (A)(2). Prior to this amendment, the supreme court held in *Whitley v. State, Board of Supervisors*, 11-40 (La. 7/1/11), 66 So.3d 470, that a plaintiff's request for service of citation on the only named defendant satisfied the requirements of La.R.S. 13:5107(A) and (D), but did not satisfy the requirement of La.R.S. 39:1538 that "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by La.R.S. 13:5107."[1] The supreme court determined La.R.S. 13:5107(A)(1)'s use of the term "may," which is permissive, gives a plaintiff three options for requesting service of citation and its use of the term "named defendant" allows a party to request service on the defendant(s) named in the petition alone to satisfy the ninety-day service requirement of La.R.S. 13:5107(D)(1). The court also concluded that because La.R.S. 39:1538 does not provide a penalty of dismissal, a plaintiff's failure to satisfy its service requirements entitled the complaining defendant to have its declinatory exception of insufficiency of service of process sustained but not to have the plaintiff's action dismissed.

In *Cutler v. State, Department of Public Safety & Corrections* (DPSC), 13-971 (La.App. 3 Cir. 2/12/14), 153 So.3d 1109, the plaintiff sued the DPSC for damages he allegedly sustained while traveling in a transport van from a prison to a work-release site. The plaintiff served the ORM but not the AG or the DPSC. The AG filed an exception of improper service on behalf of the DPSC, which the trial court sustained and dismissed the plaintiff's suit. This court affirmed the judgment. The panel noted the plaintiff requested service only on the ORM, not the DPSC or the AG, and determined "*Whitley* is not applicable. Effective June

_____

[1] Louisiana Revised Statutes 39:1538(D) states, in pertinent part: "In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107."

2012, prior to Mr. Cutler's November 2012 accident, La.R.S. 13:5107 was amended["] to add Subsection (A)(2). *Id.* at 1111. As written, these sentences indicate the legislature's addition of La.R.S. 13:5107(A)(2) is the reason the court determined *Whitley*, 66 So.3d 470, did not apply to the plaintiff's request for citation and service. The opinion, however, does not clearly state this. Moreover, the facts in *Cutler* required dismissal under *Whitley* because an unnamed defendant was cited and served but the only named defendant was not. Unlike *Cutler*, in *Whitley* and this case the only named defendants were served. For these reasons, we find *Cutler* has no bearing on this case.

The first and second circuits have applied the holding in *Whitley*, 66 So.3d 470, to cases in which the state asserted La.R.S. 13:5107(A)(2)'s requirement that plaintiffs request citation and service on the AG within ninety days of filing suit or their claims will be dismissed and concluded: (1) a plaintiff's service on a named defendant within ninety days of filing suit satisfied the requirements of Subsection (D)(1) and (2) because La.R.S. 13:5107 does not provide a penalty for not serving the AG, dismissal was not warranted. In *Lathan Co., Inc. v. Division of Administration.*, 17-396 (La.App. 1 Cir. 1/24/19), 272 So.3d 1, *writ denied*, 19-331 (La. 4/29/19), 268 So.3d 1036, the plaintiff sued and served the State of Louisiana, Division of Administration, Office of Facility Planning and Control. The state sought to have the plaintiff's suit dismissed because it had not requested service on the AG as required by La.R.S. 13:5107(A)(2).

The first circuit reviewed the construction of La.R.S. 13:5107 after the 2012 amendment and pointed out Subsection (A)(1) uses "may" to identify three entities, including the AG, a plaintiff can serve, but Subsection (A)(2) uses "shall" to mandate service on the AG within ninety days. The court also determined a more detailed statutory provision prevails over a more general provision and a later

5

amendment prevails over "previously enacted conflicting provisions." *Id*. at 9. It further noted the general provision for service found in La.Code Civ.P. art. 1201(C) only requires service on "all named defendants within ninety days" of suit being filed. The court concluded service on the AG is mandatory under Subsection (A)(2) but the statute does not clearly address "what effect the failure to timely request service on the [AG] has on plaintiff's suit." *Id*. The court concluded the gap created by the legislature's addition of La.R.S. 13:5107(A)(2)'s mandatory service requirement without providing any consequence in Subsection (D) should be construed in favor of maintaining the plaintiff's action.

In *Wilson v. Department of Public Safety & Corrections*, 53,433 (La.App. 2 Cir. 4/22/20), 295 So.3d 1274, *writ denied*, 20-717 (La. 9/29/20), 301 So.3d 1176, the second circuit reached the same conclusion, finding service on the three named defendants, the DPSC, the state police, and a state trooper, satisfied the requirements of La.R.S. 13:5107. The court determined the trial court properly sustained the exception of insufficiency of service of process for the plaintiff's failure to timely request service on the AG and ORM but erred in dismissing the plaintiff's petition because the basis of the state's exception could be corrected by the plaintiff requesting and obtaining service on the AG and ORM. The court reasoned the penalty of dismissal found in La. R.S. 13:5107(D)(2) had no application therein because La.Code Civ.P. art. 1672(C) requires dismissal without prejudice of a named defendant on whom service was not requested within ninety days as provided by Article 1201(C).

The court further observed La.R.S. 39:1538 does not provide a time within which service must be made on state defendants, the ORM, and the AG. The court determined the trial court properly sustained the defendants' exception of insufficiency of service of process due to the plaintiff's failure to request service

6

on the AG and ORM, but erred in dismissing the plaintiff's petition because she could cure the error by requesting service on the AG and ORM. The second circuit determined it was bound to follow *Whitley*, 66 So.3d 470, and noted the legislature had the opportunity but failed "to provide a penalty for failure to properly serve the [AG] within [ninety] days of filing an action" and refused to "judicially" provide one. *Id.* at 1279.

The supreme court discussed this issue in *Brown*, 315 So.3d 834, under different facts. The plaintiff filed suit against a state-employed doctor for medical malpractice and had him served within ninety days. The defendant filed exceptions of insufficiency of citation and service of process and prescription, arguing the plaintiff's failure to request service and citation on the head of the Board of Supervisors for LSU, the ORM, and the AG warranted dismissal of her claims against him. The trial court denied the exceptions, but the court of appeal reversed the judgment, finding at least one of these three state entities had to be served within ninety days to satisfy the requirements of La.R.S. 13:5107. The supreme court granted writs and determined the plaintiff satisfied the service requirements applicable to the named defendant and declined to consider the merits of the defendant's exception of prescription finding it was premature because the state had not been named as a defendant.

The defendant contended that because he was a qualified state health care provider, any damages that may be owed to the plaintiff would be paid by the state which triggered the requirements of La.R.S. 13:5107 and La.R.S. 39:1538; therefore, the plaintiff's request for service on him alone was not timely because she did not request service on the AG, the department head, and the ORM. The supreme court reiterated its holding in *Whitley*, 66 So.3d 470, that La.R.S. 15:5107 required a plaintiff to request service within ninety days of filing suit or be subject

7

to having his suit dismissed without prejudice, but dismissal is allowed only when "a *named defendant* is not timely served." *Brown*, 315 So.3d at 837 (footnote omitted).

The AG argues *Brown* does not support Ms. Thibodeaux's position because the plaintiff did not assert any claim against the state or any state agency and concludes it has no bearing on this case. We disagree. The supreme court cited *Whitley,* 66 So.3d 1274; *Lathan*, 272 So.3d 1; and *Wilson*, 295 So.3d 1274, in support of its conclusion that La.R.S 13:5107's only consequence for failure to request service is in Subsection D which does not address the failure to serve the AG, unless he is a named defendant.

We now consider the AG's arguments herein. The AG argues testimony from the legislative hearings when enacting La.R.S. 13:5107(A)(2) should be considered in determining the legislature's intent when passing the new provision. *See* La.R.S. 24:177.[2] He cites testimony by Senator Murray where the senator explained the amendment to require service on the AG was introduced to address prior supreme court decisions holding La.R.S 13:5107 was not sufficient to require service on the state through the AG. He stated the purpose of Subsection (A)(2) was to make it easier for a party to know exactly who to serve, so they do not risk having their case dismissed for failimg to serve the proper "entity" in the time required. Based on Senator Murray's testimony, we understand "entity" to mean, at least in part, the proper state defendant. When asked the consequence of not serving the AG after the amendment, Senator Murray opined, "If you don't serve

---

[2] Louisiana Revised Statutes 24:177 states, in pertinent part:

A. When the meaning of a law cannot be ascertained by the application of the provisions of Chapter 2 of the Preliminary Title of the Louisiana Civil Code and Chapter 1 of Title 1 of the Louisiana Revised Statutes of 1950, the court shall consider the intent of the legislature.

8

the [AG] you're going to lose your action." He further explained, once the AG is served, a plaintiff cannot lose his action if the other required entities are not served, noting it can be difficult to determine the proper "entity" to be served.

Senator Murray's testimony shows the legislature's intent was to protect a plaintiff from having her suit dismissed because she failed to serve the proper entities. Therefore, in cases like Ms. Thibodeaux's where the plaintiff names and serves the proper state "entity," the legislature's intent in passing La.R.S. 13:5107(A)(2) is satisfied.

The AG next argues the use of the term "shall" in La.R.S. 13:5107(A)(2) requires a plaintiff's action to be dismissed if the AG is not served "within ninety days of filing suit." *Marks v. New Orleans Police Department*, 06-575, pp. 10-11 (La. 11/29/06), 943 So.2d 1028, 1035 (citations omitted), addressed this issue, explaining:

> Generally, statutes using mandatory language prescribe the result to follow (a penalty) if the required action is not taken. If the terms of the statute are limited to what is required to be done, *i.e.,* procedural rules, then the statute is considered directory even though mandatory language is employed. Provisions designed to secure order, system, and dispatch by guiding the discharge of duties are usually construed as directory even if worded in the imperative.

In *Marks*, the supreme court refused to provide a penalty where the legislature used mandatory language in a statute that an investigation into police misconduct be completed within sixty days but failed to provide a penalty for failure to comply with the mandate, holding: "it is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so." *Id*. (quoting *Carter v. Duhe*, 05-3090, p. 10 (La. 1/19/06), 921 So.2d 963, 970.

9

## DISPOSITION

Ms. Thibodeaux timely requested service on the only named defendant as provided in La.R.S, 13:5107(D), and the trial court erred in dismissing her claims against McNeese State University. Accordingly, we reverse the trial court's judgment dismissing her claims and remand the matter to the trial court to allow her to request citation and service on the Attorney General and Office of Risk Management.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**